**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as Executor of the Estate of Beverly Kiepler, JANICE FISHER, DAVID GILMORE and RAYMOND CYR,<br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORP., as Co-Executor of the Estate of Magda Burt,<br>Defendant. | C.A. No. 07-239-S |

**BANK OF AMERICA MOTION TO DISMISS COMPLAINT**

Defendant, Bank of America Corporation, through counsel, hereby moves for an order dismissing the complaint. In support of its motion, Bank of America relies upon the accompanying memorandum of law.

BANK OF AMERICA CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com
cpm@psh.com

Date: August 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing BANK OF AMERICA MOTION TO DISMISS COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 15th day of August, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Joseph A. Keough, Jr., Esq./Keough & Sweeney, Ltd.
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
Thomas Pearlman, Esq.
James A. Currier, Esq.

/s/ Steven E. Snow

931564_1/4150-24

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as Executor of the Estate of Beverly Kiepler, JANICE FISHER, DAVID GILMORE and RAYMOND CYR,

Plaintiffs,

v.

BANK OF AMERICA CORP., as Co-Executor of the Estate of Magda Burt,

Defendant.

C.A. No. 07-239-S

## MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA MOTION TO DISMISS COMPLAINT

Defendant, Bank of America Corporation hereby submits its Memorandum of Law in Support of its Motion to Dismiss Complaint.

## I. BACKGROUND AND STATEMENT OF THE CASE.

On April 6, 2006, a Consent Order agreed to by all ten beneficiaries of the Estate of Magda Burt (the "Beneficiaries") and Bank of America, N.A. (the "Bank"), successor in interest to Rhode Island Hospital Trust was entered in the Probate Court for the City of Warwick, Rhode Island. This Consent Order was negotiated between the Bank and counsel for the Beneficiaries of the Estate of Magda Burt (the "Estate"). The Consent Order authorized the Beneficiaries to "sue on [the Bank's] bonds to [the Warwick Probate] Court as Executor in a single action in the United States District Court for the District of Rhode Island." (Complaint, Exhibit A). This Consent Order also provided that "by assenting to this Order, [the Bank] makes

no admission of liability or breach of fiduciary duty or bond obligation as Executor and reserves all its claims and defenses in said capacity . . . ." Id.

On or about July 12, 2007, the Probate Court of the City of Warwick, by and through Judith A. Lawton, Judith Grant, Carol Lincoln, Janice Leffingwell, Joyce Hendricks, John Kiepler, as Executor of the Estate of Beverly Kiepler, Janice Fisher, David Gilmore and Raymond Cyr (collectively, "Plaintiff") filed a three-count Complaint containing claims for: (1) an action on the bond posted in the Probate Court for the City of Warwick by Rhode Island Hospital Trust National Bank, to which Bank of America, N.A. is successor in interest; (2) alleged breach of fiduciary duty; and (3) negligence.

## II. STANDARD OF REVIEW

In deciding whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must treat the allegations in the complaint as true and determine whether the complaint states any valid claim for relief. Hart v. Mazur, 903 F. Supp. 277, 278-279 (D.R.I. 1995). This tolerance does not extend to legal conclusions, bald assertions, or conclusory or generalized allegations. Resolution Trust Co. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993); Lee v. Life Insurance Co. of North America, 829 F. Supp. 529, 533 (D.R.I. 1993), aff'd 23 F.3d 14 (1st Cir. 1994). Moreover, the Court may look to documents beyond the complaint in deciding a motion to dismiss without converting the motion to one for summary judgment, if the authenticity of the documents is not disputed, the documents are public records, the documents are central to plaintiff's claims, or the documents are sufficiently referred to in the complaint. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

## III. ARGUMENT

### A. Plaintiff Has Sued The Wrong Defendant.

As an initial (and, admittedly, correctible) problem, Plaintiff has sued the wrong party. Plaintiff has sued "Bank of America Corp." in its capacity as Co-Executor of the Estate of Magda Burt. Bank of America Corp. is a holding company for Bank of America, N.A., the entity which does business as Bank of America, and the entity which has served as Co-Executor of the Estate of Magda Burt. Since 2005, when Fleet Bank, N.A. was merged into Bank of America, Bank of America, N.A. has been the entity defending various lawsuits and substantive claims asserted by the Beneficiaries. Bank of America, N.A , is the successor to Rhode Island Hospital Trust National Bank – the entity nominated in Magda Burt's will as co-executor and the entity initially appointed by the Probate Court. There should have been no confusion in this regard. In fact, the Consent Order (Exhibit A to the Complaint), the Judgment (Exhibit B to the Complaint) and the Order (Exhibit C to the Complaint) all clearly and correctly identify the co-executor as Bank of America, N.A. The holding company – Bank of America Corp. – has never acted to assume any duties whatsoever with respect to the Probate Court or any of the Beneficiaries of the Estate and is a complete stranger to this case. Thus, based upon the exhibits Plaintiff has attached to its own Complaint, it is clear that Plaintiff has named the wrong party and the Complaint consequently fails to state a claim for which relief may be granted.

### B. Count II Fails To State A Claim Upon Which Relief Can Be Granted.

As manifested by the identification of Plaintiff in the case heading ("The Probate Court of the City of Warwick, by and through Judith A. Lawton . . . .") and paragraph 1 of the Complaint, this suit is brought by most – but not all – of the beneficiaries of the Estate in their representative capacity. This form of action is appropriate under Count I of the Complaint –

which is the statutory action on the bond. Moreover, the Consent Order, by its express terms, authorizes the Beneficiaries only to "sue on [the Bank's] bonds to this Court as Executor in a single civil action in the United States District Court for the District of Rhode Island . . . ."

Notwithstanding the fact that Plaintiff has brought suit only in a representative capacity pursuant to the Consent Order and applicable statutes (R.I. Gen. Laws §§33-17-1, 33-17-25 and 33-17-26), Plaintiff has curiously added Count II – which includes allegations that the Bank owed fiduciary duties to the "Plaintiffs as residuary beneficiaries of the Estate of Magda Burt." (Complaint at ¶ 62). Moreover, Count II includes allegations of breaches of duties owed to the Beneficiaries and of damages allegedly suffered by the Beneficiaries as a result. While the Beneficiaries may have once had the option of suing in their individual, rather than their representative, capacity – they have neither done so in this Complaint nor are they permitted to do so under the terms of the Consent Order.

This action was not brought as a class action under Rule 23 – which provides a comprehensive procedure for certifying actions to be pursued in a representative capacity. Since it is not a class action, the Beneficiaries are limited in this case to proceeding in a representative capacity in accordance with the previously cited Rhode Island probate statutes – which claims are encompassed in Count I. A separate claim for breach of fiduciary duty, such as that contained in Count II, can only be pursued by a plaintiff in his or her individual capacity. Because the Complaint only pleads claims in a representative capacity, it fails to state a claim upon which relief can be granted and Count II must be dismissed.

What is more, the agreement between the Bank and the Beneficiaries, as memorialized in the Consent Order, constrains the Plaintiff to its suit on the bond. The Bank agreed to be sued on its bond without any finding of fact or law regarding any liability or breach

of fiduciary duty or unfaithful administration by the Bank as Co-Executor. See Consent Order at ¶ 1(a)(ii). This was not an insignificant concession on the Bank's part. As a practical matter, the Bank gave up its right to separate and preliminary trials on these issues in the preexisting state court actions, and agreed that both liability and damage claims could be combined in a single action on its bond. The Beneficiaries benefited from this agreement because, rather than pursuing a trial on whether the Bank should be removed as executor,[1] and a subsequent attempt to obtain damages through an action on the bond, the Beneficiaries could proceed in a single action. The suit on the bond – Count I – is designed to examine in detail the conduct of the Bank and, frankly, entirely subsumes any separate action for breach of fiduciary duty.

The Complaint correctly alleges that the validity of the Consent Order has been litigated and affirmed by judgment of this Court. By its terms, the Consent Order authorizes only a suit on the Bank's bond. This was a bargained for agreement between the Bank and the Beneficiaries, and the Beneficiaries must be held to its terms. Count II, which is outside the scope of the Consent Order, must therefore be dismissed.

Finally, Count II is barred by the Statute of Limitations. The alleged breach of fiduciary duty relates to a sale of stock that was completed, according to the allegations in the Complaint, no later than November 6, 1995. Count II is entirely predicated on allegations that the Bank's conduct relating to the sale of stock caused the Beneficiaries harm. See Complaint ¶¶ 22-24, 32-37 and 39-52.

While it is possible that a shorter Statute of Limitations applies, the catchall general Statute of Limitations in Rhode Island provides for a ten year period from the time a

---

[1] By way of example, the late Beverly Kiepler, one of the Beneficiaries, pursued a Petition to Remove Executors in the Probate Court, which was denied. She then appealed the denial to Kent County Superior Court. The only relief she could have obtained in that appeal was an order removing the executors.

cause of action accrues. See R.I. Gen. Laws § 9-1-13(a). Obviously, the Beneficiaries did not bring this claim within ten years. Nor did the Beneficiaries need any permission from any court, nor consent from the Bank to bring such a claim. Since this action was filed on July 2, 2007, nearly 11 years and eight months after the sale of the stock was complete, it is barred by the Statute of Limitations.

**C. Count III Fails To State A Claim Upon Which Relief Can Be Granted.**

Count III purports to allege a claim of negligence on behalf of the Beneficiaries. This Count suffers from all of the infirmities discussed in connection with Count II. Specifically, this is not a claim which can be brought in a representative capacity, nor is it a claim permitted by the Consent Order agreed to by the parties and the Probate Court. Moreover, it is clearly barred by the applicable Statute of Limitations.

But there is more. Simply put – there is no basis at common law for a negligence claim by the Probate Court (acting on behalf of the Estate) against an executor. Instead an executor's duties are a creation of statute, and any remedy for breach is similarly statutory. The statutory remedy is the action of the bond being pursued in Count I.

The Complaint alleges that the Bank, as Co-Executor was and is "charged with a general and ongoing obligation to discharge its trust . . . and administer Decedent's Estate faithfully, competently, carefully, thoroughly and in the exercise of due care." Stopping short of characterizing these "obligations" as duties, the Complaint nevertheless bases the claim for negligence on the Bank's alleged failure to properly carry out these "obligations."

In fact, the only legal duties owed to the Probate Court are those contained in the Probate Code, specifically, those duties enumerated in R.I. Gen. Laws § 33-17-1, as follows:

> (i) To make and return to the probate court, as by law required, a true inventory of all the testator's personal property which, at the time of making the inventory, shall have come to his or her possession or knowledge.
> (ii) To administer according to law and the will of the testator, all personal property of the testator which may come to his or her possession or into the possession of any person for him or her, and all rent and proceeds of real estate which may be received by him or her.
> (iii) To render upon oath true accounts of his or her administration, as by law required.

The Rhode Island General Laws also provide remedies for the breach of any of these statutory duties, in R.I. Gen. Laws §§ 33-17-1, 33-17-25 and 33-17-26, which authorize suits on an executor's bond by an party interested in an estate, in either an individual capacity or in a representative capacity on behalf of all interested in an estate.

The "obligations" which form the basis for the claim for negligence are unknown in probate law. They do not describe any duties owed by an executor to a probate court, nor do they describe any duty owed to an estate beneficiary. The Bank has been unable to find any case in this jurisdiction which remotely suggests that a negligence claim would lie against an executor under the facts alleged in the Complaint.

**D. <u>Count I Is Barred By The Statute Of Limitations.</u>**

Count I – the suit on the Bank's bond – lacks most of the infirmities plaguing Counts II and III. This Count is properly pled in a representative capacity and was expressly contemplated by the Consent Order. It does, however, share one infirmity with the other Counts – it is barred by the Statute of Limitations.

The Bank did not waive and expressly preserved all available defenses as part of the Consent Order. One of these preserved defenses is the Statute of Limitations. As noted earlier, Rhode Island's general Statute of Limitations period is ten years. R.I. Gen. Laws § 9-1-

13(a). This statute began to run when the sale of stock was complete which, according to the allegations in the Complaint, occurred not later than November 6, 1995. The statute did not begin to run upon entry of the Consent Order. The Beneficiaries did not need permission from any court, nor consent from the Bank to bring an action on the bond. Such a suit on the bond could have been brought at any time by any Beneficiary, either individually or on behalf of all of the Beneficiaries. See R.I. Gen. Laws §§ 33-17-14, 33-17-25.

Accordingly, Count I, like Counts II and III, is time barred and must be dismissed.

Respectfully submitted,

BANK OF AMERICA CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

Date: August 15, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA MOTION TO DISMISS COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 15th day of August, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Joseph A. Keough, Jr., Esq./Keough & Sweeney, Ltd.
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
Thomas Pearlman, Esq.
James A. Currier, Esq.

/s/ Steven E. Snow

931564_1/4150-24