STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

BEVERLY J. KIEPLER,
Appellant

vs.

P.P. No. KC98-337

ROBERT B. GATES and RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Alias, Co-executors of the will of Magda L. Burt, Alias, resident decedent of Warwick, Rhode Island,
Appellees

**REASONS OF APPEAL**

Now comes BEVERLY J. KIEPLER ("Appellant"), through counsel, and respectfully represents as follows:

**PARTIES AND TRAVEL OF THE CASE**

1. MAGDA L. BURT, Alias Magda Lillian (Nyman) Burt ("Decedent") is a resident decedent of Warwick, Rhode Island who died testate on August 30, 1987 ("Date of Death").

2. Decedent's Last Will and Testament dated January 22, 1981 ("Will") was admitted to probate by the Warwick Probate Court ("Probate Court") on October 8, 1987 in Estate No. 87-310.

3. Appellees, ROBERT B. GATES ("Gates") and RHODE ISLAND HOSPITAL TRUST NATIONAL BANK ("Hospital Trust"), (collectively "Co-executors"), were appointed co-executors of Decedent's Will and letters testamentary issued by the Probate Court Clerk on October 8, 1987.

4. Co-executors qualified by filing appointment bonds without surety in the sum of $2,500,000.00 on or about October 8, 1987 and filing additional bonds without surety in the sum of $1,767,000.00 on or about June 20, 1988 as ordered by the Probate Court.

5. On or about June 10, 1988, Co-executors (and co-appraisers) filed an inventory of Decedent's personal estate with the Probate Court

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

which included, inter alia, 2,256 shares of the Class A non-voting common stock of Nyman Mfg. Co. ("Nyman Stock") valued at $383.04 per share or $864,138.24 as of Decedent's Date of Death.

6. On or about May 24, 1988, Co-executors filed a United States Estate Tax Return with the Internal Revenue Service certifying the assets of Decedent's taxable estate which included, inter alia, 2,256 shares of the Nyman Stock valued at $383.04 per share or $864,138.24 as of the Decedent's Date of Death.

7. After audit, the value of the Nyman Stock as of Decedent's Date of Death was amended by agreement between the Internal Revenue Service and the Co-executors to $909,958.00 or $403.35 per share.

8. On or about October 19, 1995, the Probate Court allowed the Co-executors' Amended First Account for the period October 8, 1987 to June 2, 1995 ("Account") which carried the Nyman Stock on Schedule C-1 thereof entitled, "Principal remaining on hand," as an asset on hand at the inventory value of $864,138.24 or $383.04 per share.

9. At all relevant times herein, the liquidation of the Nyman Stock was not required to pay the debts and expenses of the Decedent nor the charges of her estate.

10. At all relevant times herein, there existed no impediment which prevented the Co-executors from distributing the Nyman Stock in kind and in equal shares to the residuary beneficiaries under Decedent's Will.

11. On or about November 2, 1995, Co-executors sold the Nyman Stock to Nyman Mfg. Co. for $327,932.00 or $145.36 per share.

12. On or about September 29, 1997, the Nyman Stock was acquired by Van Leer Corporation, a Massachusetts corporation, for $4,081,104 or $1,809.00 per share.

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

13. Appellant BEVERLY J. KIEPLER is a resident of Rehoboth, Massachusetts, a niece of the Decedent, a residuary beneficiary under Decedent's Will and an interested party in Decedent's estate.

14. Appellant is aggrieved by the orders and decrees entered on April 16, 1998 whereby the Probate Court in Estate No. 87-310 denied her petition to remove Gates and Hospital Trust as Co-executors of Decedent's Will and overruled her objection to the valuation of the Nyman Stock on the Co-executors' inventory and at all relevant times prior to its disposition by the Co-executors.

15. That within twenty (20) days of the entry of said orders and decrees, to wit, on April 23, 1998, Appellant filed in the Probate Court a claim of appeal to the Kent County Superior Court, together with a request for a certified copy of said claim of appeal and of the record of the proceedings appealed from, and paid the Probate Court Clerk the lawful fee therefor.

NOW, THEREFORE, Appellant comes within thirty (30) days of the entry of said orders and decrees and files herewith in the Kent County Superior Court, a certified copy of said claim of appeal and record of proceedings appealed from, and these, her reasons of appeal, specifically stated in accordance with Rhode Island General Law 1956 (1995 Reenactment) ("RIGL") §33-23-1, and for Reasons of Appeal states as follows:

REASONS OF APPEAL

1. That said orders and decrees are contrary to the law.

2. That said orders and decrees are contrary to the evidence.

3. That said orders and decrees are contrary to law and the evidence and the weight thereof.

4. That said orders and decrees are erroneous, in other respects



SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

illegal and void, and should be reversed.

5. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have become incapable of executing said trust.

6. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have neglected and refused to do the duties thereof.

7. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have wasted said estate.

8. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render a true and complete inventory, upon oath, of all the goods, chattels, rights and credits of the Decedent together with an appraisement thereof as by law required.

9. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to administer according to law and the Decedent's Will all of the Decedent's personal property, including the Nyman Stock.

10. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render a true and complete account, upon oath, of their administration of the estate of Decedent as by law required.

11. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have violated the conditions of their respective bonds pursuant to RIGL §33-17-1(1).

12. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty to the Probate Court, the Decedent and the beneficiaries of Decedent's

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

Will.

13. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on the Universal Inventory filed with the Probate Court on or about June 10, 1988 by the Co-executors is erroneous, incomplete, inaccurate and should be stricken.

14. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on Schedule C-1 of the Account is erroneous, incomplete, inaccurate and should be stricken.

15. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to secure the best price obtainable for the Nyman Stock.

16. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to obtain independent assessment, appraisal and verification of the value of the Nyman Stock.

17. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to exercise due diligence in the liquidation of the Nyman Stock.

18. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors consummated the sale of the Nyman Stock to Nyman Mfg. Co. for less than fair market value without the consent and approval of the residuary beneficiaries of Decedent's Will being the equitable owners thereof.

19. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty and failed to exercise due diligence as holders of the Nyman Stock.

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

20. That said orders and decrees should be reversed.

21. That the attorney for the Co-executors is Steven E. Snow, Esq., PARTRIDGE SNOW & HAHN, 180 South Main Street, Providence, RI 02903-7120.

22. That the names and addresses of Appellees are:

Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903 (Co-executor of Decedent's Will) and

Robert J. Tyler, Jr., RHODE ISLAND HOSPITAL TRUST, One Hospital Trust Plaza, Providence, RI 02903 (Co-executor of Decedent's Will).

22. That the name and address of Appellant is Beverly J. Kiepler, 40 Chestnut Street, Rehoboth, MA 02769.

23. That the attorney for Appellant is Mark A. Sjoberg, Esq., SJOBERG & VOTTA LAW OFFICES, 200 Centerville Road, Suite 4, Warwick, RI 02886.

WHEREFORE, Appellant having appealed from said orders and decrees as aforesaid, prays as follows:

A. That said orders and decrees of the Probate Court be reversed and set aside;

B. That Gates and Hospital Trust be removed as Co-executors of Decedent's Will;

C. That some suitable disinterested person be appointed Administrator D.B.N.C.T.A. of Decedent's Will;

D. For judgment against Decedent's estate for attorney's fees and costs of suit;

E. For judgment against Gates and Hospital Trust on their bonds, jointly and severally, for compensatory damages; and

F. For such other and further relief as this Honorable Court deems just and proper.

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

Beverly J. Kiepler, Appellant,
By Her Attorneys,

Mark A. Sjoberg, Esq. (#2427)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696

DATED: April 30, 1998

CLAIM OF JURY TRIAL

Appellant hereby declares that there are matters of fact in controversy and hereby claims a trial by jury on all factual issues.

Appellant, By:

Mark A. Sjoberg, Esq.
SJOBERG & VOTTA LAW OFFICES

VERIFICATION

Beverly J. Kiepler

STATE OF RHODE ISLAND
COUNTY OF KENT

In Warwick on the 29th day of April, 1998 before me personally appeared Beverly J. Kiepler, who made oath that she subscribed the foregoing document, that she knows the contents thereof and that the same are true, excepting those matters stated on information and belief, and as to those matters she believes them to be true.

NOTARY PUBLIC
(My Commission expires

MARK A. SJOBERG
NOTARY PUBLIC
State of Rhode Island Comm. No. 15752
Commission Expires July 3, 2001

F:\..\probate
app-burt.wpd
042098mas
042198rev

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886