STATE OF RHODE ISLAND

PROVIDENCE, SC SUPERIOR COURT

| | | |
|---|---|---|
| JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL and JOYCE HENDRICKS, Plaintiffs | ) | |
| vs. | ) | C.A. NO. 03-2893 |
| ROBERT C. NYMAN, KENNETH J. NYMAN, KEITH JOHNSON, ROBERT B. GATES and FLEET NATIONAL BANK f/k/a RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Defendants | ) | |

## COMPLAINT

### I. THE PARTIES

1. The plaintiff, Judith Grant, is an individual of legal age who resides in Rehoboth, Massachusetts.

2. The plaintiff, Carol Lincoln, is an individual of legal age who resides in South Bend, Indiana.

3. The plaintiff, Janice Leffingwell, is an individual of legal age who resides in Seekonk, Massachusetts.

4. The plaintiff, Joyce Hendricks, is an individual of legal age who resides in Providence, Rhode Island.

5. The defendant, Robert C. Nyman, is an individual of legal age who resides in the State of Rhode Island and was at all times material an officer, director, shareholder and employee of Nyman Manufacturing Co. Inc. (hereinafter "Nyman Mfg. and/or Nyman").

6. Defendant Keith Johnson is an individual of legal age who is a resident of Rhode Island and was at all times material an officer, director, shareholder and employee of Nyman Mfg.

7. Defendant Kenneth J. Nyman is an individual of legal age who is a resident of Rhode Island and was at all times material an officer, director, shareholder and employee of Nyman Mfg.

8. Defendant Robert B. Gates is an individual of legal age who is a resident of Rhode Island and was at all times material a co-executor of the Estate of Magda L. Burt.

9. Defendant Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank is a Rhode Island chartered bank and trust company with a principal place of business in Rhode Island and was at all times material a co-executor of the Estate of Magda L. Burt.

## II. FACTUAL ALLEGATIONS

10. At all times material, Nyman Mfg. was a closely held corporation in the business of manufacturing and selling disposable food containers and other disposable food service items to the food service industry and other businesses dealing in such items.

11. At all times material, defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson were directors, officers and shareholders of Nyman Mfg.

12. At all times material, the Estate of Magda L. Burt included 2256 shares of the class A non-voting common stock of Nyman Mfg.

13. The plaintiffs were residuary beneficiaries of the Estate of Magda L. Burt and were each entitled to one-tenth (1/10) of the said 2256 shares of class A non-voting common stock of Nyman Mfg.

14. The defendants, Robert B. Gates (hereinafter "Gates") and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank (hereinafter "Fleet") were at all times material co-executors of the Estate of Magda L. Burt.

15. As co-executors of the Estate of Magda L. Burt, the defendants Gates and Fleet each owed a fiduciary duty of care and loyalty to the beneficiaries of the Estate of Magda L. Burt, including the plaintiffs.

16. The defendants, Robert C. Nyman, Kenneth J. Nyman (hereinafter collectively "Nymans") and Keith Johnson (hereinafter "Johnson"), as officers, directors and shareholders of Nyman Mfg., each owed a fiduciary duty to act with the utmost good faith, loyalty, trust and confidence toward the company's shareholders, including the Estate of Magda L. Burt and the beneficiaries thereof, which included the plaintiffs.

17. On or about August 4, 1995, Nyman Mfg., by and through its agent, Keith Johnson, by letter to the co-executors of the Estate of Magda L. Burt, Gates and Fleet, offered to purchase the 2256 shares of class A non-voting common stock from the Estate of Magda Burt.

18. The price offered was a cash sum amounting to $145.36 per share for the purchase of 2256 shares of class A stock.

19. This offer to purchase was a marked departure from Nyman's past lack of interest in acquiring the shares from the Estate of Magda Burt.

20. The letter advised that the positive approval of this transaction was required by each and every beneficiary of the Estate for the purchase of these shares.

21. The letter further advised that Nyman Mfg. was prohibited by loan restrictions and covenants to its lenders restricting the re-purchase of any stock, and that the company would actively seek the waiver of stock re-purchase restrictions (based upon re-purchase of all of the 2,256 shares) once 60% of the beneficiaries had given their indication of approval for the purchase proposal.

22. Finally, the letter advised that the offer to purchase would be withdrawn if the parties had not reached an understanding by 3:00 p.m. on September 15, 1995.

23. On or about August 10, 1995, the defendants Gates and Fleet, by letters sent to each of the plaintiffs, advised plaintiffs that they had received a formal offer by Nyman Mfg. to purchase the 2256 shares of class A, non voting common stock of Nyman held by the Executors as part of the Estate of Magda L. Burt.

24. The letters reiterated the information provided by Nyman Mfg. through Keith Johnson set forth hereinbefore.

25. The letter sent by Gates and Fleet to the plaintiffs on or about August 10, 1995 also included attached information and representations that purported to have been provided by Nyman Mfg, through its agents, directors and officers, the defendants Nymans and Johnson.

26. Upon information and belief, when the defendants, Nymans and Johnson, provided said information and made said representations, the defendants knew or should have known that the information and their representations to plaintiffs were false, contained omissions or at a minimum said defendants acted with a reckless disregard for the truth.

27. In fact, the value of the 2256 shares of class A non-voting common stock at that time was far in excess of the purchase price and the defendants knew or should have known this.

28. The defendants, Nymans and Johnson, misled the plaintiffs as to the true financial condition of Nyman Mfg. and the said defendants' plans for the future of the company.

29. In addition, defendants imposed an artificial deadline upon the plaintiffs in an effort to induce plaintiffs to act quickly and without full knowledge, and to discourage and effectively prevent plaintiffs from obtaining advice concerning the sale of the shares.

30. The Defendants, Gates and Fleet, in the August 10, 1995 letter conveying the Nyman offer to the beneficiaries indicated that they "reached no conclusion with respect to the proposed offer made by Nyman Mfg. Co."

31. The defendants, Gates and Fleet, took no steps to examine or otherwise evaluate the adequacy of the offer made by the agents, officers and directors of Nyman, and otherwise failed to inquire as to Nyman's future plans or the reasons the repurchase offer was being made, in violation of their fiduciary duty.

32. In the same letter dated August 10, 1995, the defendants Gates and Fleet indicated to the plaintiffs that "Nyman will require the positive approval of each and every beneficiary of the estate for the purchase of these shares."

33. At all relevant times herein, the liquidation of the 2256 shares of class A non voting common stock of Nyman Mfg. was not required to pay the debts and expenses of the decedent Magda L. Burt nor the charges of her estate.

34. At all relevant times herein, there existed no impediment which prevented the co-executors Gates and Fleet from distributing the 2256 shares of class A non-voting common stock of Nyman Mfg. in kind and in equal shares to the residuary beneficiaries of the Estate of Magda L. Burt, including the plaintiffs.

35. Approval for the re-purchase of the shares of class A stock by Nyman Mfg. was never given by each and every beneficiary of the Estate of Magda Burt.

36. On or about September 29, 1995, the defendants, Gates and Fleet, filed a motion in Warwick Probate Court seeking permission to distribute the Nyman shares, in kind, to the beneficiaries.

37. The petition did not seek permission to sell the shares to Nyman, nor did it offer any proposed purchase price, or any other rationale or reason to sell the stock to Nyman.

38. However, on October 19, 1995, the Warwick Probate Court ordered the stocks sold for the $145.36 price previously offered by the agents, officers and directors of Nyman.

39. The defendants, Gates and Fleet, took no steps to appeal, void or otherwise delay the Court's order to sell the stocks.

40. Furthermore, the defendants, Gates and Fleet, once again, took no steps to examine or otherwise evaluate the adequacy of the purchase price, and otherwise failed to inquire as to Nyman's future plans or the reasons the repurchase offer was being made, in violation of their fiduciary duty.

41. The defendants, Gates and Fleet, as co-executors of the Estate of Magda L. Burt, made false representations to the Probate Court in representing the number of beneficiaries who had approved the sale of the stock.

42. This representation was made with the knowledge that it was false or, at least, with a reckless disregard for the truth.

43. On or about November 6, 1995, the defendants, Gates and Fleet sold the Estate of Magda L. Burt's 2256 shares of Nyman class A non-voting common stock to Nyman Mfg. for $145.36 per share.

44. Upon information and belief, this price was well below the actual value of the stock.

45. Further, the defendants, Robert C. Nyman, Kenneth J. Nyman and Keith Johnson failed to make numerous disclosures, including, but not limited to, the following:

(a) Their intentions for Nyman's future, including, but not limited to, the fact that Nyman Mfg. would be purchased or was likely to be purchased by a third party;

(b) Nyman Mfg. was being prepared for purchase;

(c) The shares of class A common stock were undervalued at $145.36 per share;

(d) Said defendants intended to repurchase the plaintiffs' shares;

46. Defendants had a fiduciary duty to refrain from profiting at the expense of the shareholders, including the plaintiffs from said knowledge that they failed to disclose.

47. On that same day, November 6, 1995, the defendants, Robert C. Nyman, Kenneth J. Nyman and Keith Johnson voted themselves options to purchase 2256 shares of class A stock for the price of $145.36 per share. Robert Nyman received options to purchase 1,128 shares. Kenneth Nyman and Keith Johnson received options to purchase 564 shares each.

48. Upon information and belief, this option price was well below the actual value of the shares.

49. On or about September 29, 1997, the same shares were acquired by Van Leer Corporation, a Massachusetts corporation, at a price of $1,809.00 per share, and the defendants Nymans and Johnson profited greatly from this sale of shares including those shares previously purchased from the Estate of Magda Burt.

50. Through various actions, representations, misrepresentations and omissions in repurchasing the plaintiffs' proportionate shares in Nyman Manufacturing Company, the defendants, Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, violated their fiduciary duty to the plaintiffs such that the plaintiffs have been caused to suffer severe financial damage.

51. These same defendants have been sued and verdicts returned against them as a result of their wrongful actions and breach of fiduciary duties to other similarly situated shareholders.

52. On June 18, 2002 and January 27, 2003, the plaintiffs, as beneficiaries of the Estate of Magda L. Burt, requested that defendants Gates and Fleet, as co-executors of the Estate of Magda L. Burt, seek relief for the damages they suffered as a result of the wrongful acts of defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson.

53. The defendants, Gates and Fleet, have refused to take any action to seek relief caused by the wrongful acts of the defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson.

54. Through various actions, representations, misrepresentations and omissions in selling the plaintiffs' proportionate shares in Nyman Manufacturing Company, and otherwise failing to protect the plaintiffs' interest therein, the defendants, Robert B. Gates and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank, violated their fiduciary duty to the plaintiffs such that the plaintiffs have been caused to suffer severe financial damage.

55. As a result of their respective breaches of fiduciary duty, the defendants Robert C. Nyman, Kenneth J. Nyman, Keith Johnson, Robert B. Gates and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank are jointly and severally liable to the plaintiffs for the damages they have sustained.

## III. CAUSES OF ACTION

## COUNT I

**Breach of Fiduciary Duty – Robert C. Nyman, Kenneth J. Nyman, Keith Johnson**

56. The plaintiffs repeat and reallege paragraphs 1 through 55 as if fully restated and set forth herein.

57. As a direct and proximate result of Robert C. Nyman's, Kenneth J. Nyman's and Keith Johnson's various actions, representations, misrepresentations and omissions in repurchasing the plaintiffs' proportionate shares of Nyman Manufacturing Co., Inc. in violation of their fiduciary duty to act with the utmost good faith, loyalty, trust and confidence, the plaintiffs have been caused to suffer severe financial damage.

WHEREFORE, the plaintiffs pray that this Honorable Court, together with jury, award damages to the plaintiffs for the defendants' breach together with interest, attorney=s fees, cost of suit and all other relief that this Honorable Court deems meet and just.

## COUNT II

**Equitable Relief, Unjust Enrichment, Constructive Trust Robert C. Nyman, Kenneth J. Nyman, Keith Johnson**

58. The plaintiffs repeat and reallege paragraphs 1 through 57 as if fully restated and set forth herein.

59. As a direct and proximate result of Robert C. Nyman's, Kenneth J. Nyman's and Keith Johnson's various actions, representations, misrepresentations and omissions in repurchasing the plaintiffs' proportionate shares of Nyman Manufacturing Co., Inc. in violation

of their fiduciary duty to act with the utmost good faith, loyalty, trust and confidence, the defendants have been unjustly enriched such that it is inequitable that they be allowed to retain the benefit of said enrichment.

WHEREFORE, the plaintiffs pray that this Honorable Court, together with jury, award all equitable relief available, including, but not limited to the imposition of a constructive trust, and that this court disgorge from the defendants their wrongful enrichment and award all other damages and relief together that this Honorable Court deems meet and just together with interest, attorney=s fees, cost of suit.

**COUNT III**

**Breach of Fiduciary Duty – Robert B. Gates and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank**

60. The plaintiffs repeat and reallege paragraphs 1 through 59 as if fully restated and set forth herein.

61. As a direct and proximate result of Robert B. Gates' and Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank's various actions, representations, misrepresentations and omissions in selling the plaintiffs' proportionate shares in Nyman Manufacturing Co., Inc. and otherwise failing to protect the plaintiffs' interest therein, the defendants violated their fiduciary duty to the plaintiffs such that the plaintiffs have been caused to suffer severe financial damage.

WHEREFORE, the plaintiffs pray that this Honorable Court, together with jury, award

damages to the plaintiffs for the defendants' breach together with interest, attorney=s fees, cost of suit and all other relief that this Honorable Court deems meet and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

The Plaintiffs,
By their attorney,

Joseph A. Keough, Jr. (#4925)
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

DATED: May 29, 2003