6/9/06

**HEARING DATE: July 10, 2006**

**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ROLAND W. BURT, JR.,
Appellant

v.

BANK OF AMERICA CORP. as
Co-Executor of the Estate of Magda Burt,
Appellee

C.A. No. KP 2006-0406

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I. Introduction

This memorandum of law is submitted in support of the Appellee, Bank of America's (the "Bank") motion to dismiss the appeal of Appellant, Roland W. Burt, Jr.'s ("Mr. Burt" or "Appellant") from the Consent Order entered in the Probate Court for the City of Warwick. Mr. Burt has failed to fulfill the necessary procedural requirements for an appeal from the Probate Court. These requirements are jurisdictional, and cannot be waived. This court is therefore without authority to hear this appeal, and must dismiss for lack of subject matter jurisdiction. In addition, the Reasons of Appeal filed by Mr. Burt fail to describe any specific reason which would justify vacating the Consent Order under any possible set of facts. Unless all parties agree, a consent order cannot be set aside in the absence of fraud, mutual mistake, or actual absence of consent. The Claim of Appeal does not allege any of these as the reasons for the appeal. The appeal therefore fails as a matter of law to state a claim for which relief may be granted. For these reasons, the Appellant's appeal from the Consent Order entered by the Probate Court of the City of Warwick should be dismissed.

JUN 12 2006

## II. Facts

This appeal relates to a Consent Order entered into by the ten beneficiaries (including Mr. Burt) of the Estate of Magda L. Burt (the "Estate") and Bank of America, the Co-Executor of the Estate. (Co-Executor Robert B. Gates had previously resigned.) The purpose of this Consent Order was to advance this case past a procedural posture that could require this court to conduct several consecutive trials to resolve the underlying case filed by Beverly J. Keipler (Beverly J. Keipler, v. Bank of America, et. al, C.A. No. 98-337, hereinafter, the "Kiepler Case"). This Consent Order embodies the agreement of Bank and all beneficiaries of the Estate to join in a single action, to be brought in federal court, to adjudicate all issues necessary for resolution of the numerous claims brought separately by individual beneficiaries, or small groups of them. It is from this Consent Order that Mr. Burt now appeals.

While the court may be familiar with some facts related to the Estate from other litigation currently pending before it (namely, the Kiepler Case) a brief review is necessary. One of the assets of the Estate was 2,256 shares of stock in the Nyman Manufacturing Company ("Nyman"). Nyman was a closely held corporation engaged in the business of manufacturing and distributing disposable containers and lids. For many years, Nyman had not been profitable, and inquiries from the Executors regarding Nyman's possible redemption of the Estate's shares were refused. In 1995, however, Nyman made an offer to purchase the Estate's shares for $145.36 per share. This offer was subject to the condition that all of the beneficiaries agree to the sale. All of the beneficiaries did not agree.

The Executors then petitioned the Probate Court for permission to distribute the stock in kind. As a result of this petition, the Probate Court ordered that the stock be sold for $145.36 per share. The Executors sold the stock pursuant to this order. Two years later, Nyman was sold to Van Leer Corporation, a Nyman competitor, for $28,164,735.00 (or $1,822.96 per

share). When the beneficiaries of the Estate, some of whom previously owned and sold Nyman stock in their own name, learned of this sale, a few filed lawsuits against the officers and directors of Nyman and later, against the Executors of the Estate requesting various forms of relief based on numerous legal theories. Some of these lawsuits have already been tried and/or settled. Some of these lawsuits, such as the Kiepler Case, are still pending.

The Executors had been defending each suit separately in the various courts in which they had been brought by each plaintiff. As the result of cross motions for summary judgment in the Kiepler Case, it became apparent that full resolution of the Kiepler Case could require at least two trials, one on the issue of removal of Bank of America as Executor of the Estate, and a second (if the plaintiff was successful) on issues related to waste/damages. After some discussion with opposing counsel and the Court, the Bank agreed to a proposal transferring all remaining lawsuits for resolution in the Federal District Court for the District of Rhode Island. This proposal required the approval of all ten beneficiaries and either the dismissal (without prejudice) or the staying of all other pending Superior Court actions related to the Estate. This agreement was discussed among the beneficiaries of the Estate over a period of several weeks. By this time, all ten beneficiaries had obtained counsel and were represented. Counsel for the beneficiaries worked out the details of the arrangement, including the internal means by which the transferred case would be handled as among the attorneys for the beneficiaries. (The Bank has been informed that such an agreement was reached but has not seen a copy of such agreement.)

The Consent Order was signed on behalf of all parties by their respective counsel and was presented to Judge Isherwood of the Warwick Probate Court on April 6, 2006. Mr. Burt and his attorney and agent, Thomas Pearlman, Esq. were both present at the Probate Court when the Consent Order, signed by Mr. Pearlman on Roland Burt's behalf, was presented. Mr. Burt

did not object. The Order was signed by Judge Isherwood and entered on April 6, 2006. (See Exhibit 1).

Mr. Burt filed a Claim of Appeal in the Probate Court on April 24, 2006, (see Exhibit 2) and filed a certified copy of the Claim of Appeal and his Reasons of Appeal in the Superior Court on May 5, 2006 (see Exhibit 3). The 30th day after the entry of the Consent Order was May 6, 2006, which fell on a Saturday. The last day for filing pursuant to R.I. Gen. Laws § 33-23-1(a)(2) was therefore May 8, 2006. Mr. Burt apparently received the certified copy of the record from the Probate Court on May 9, 2006 (see Exhibit 4) and filed it in Superior Court on May 16, 2006 (see Exhibit 5).

## III. Standard of Review

This appeal should be dismissed pursuant to both Sup. Ct. R. Civ. Pro. 12(b)(1) and Sup. Ct. R. Civ. Pro. 12(b)(6). With respect to motions to dismiss pursuant to Rule 12(b)(1), the Rhode Island Supreme Court has stated that "[s]ubject matter jurisdiction is an indispensable requisite in any judicial proceeding; it can be raised at any stage thereof either by the parties or by the court *sua sponte,* and it cannot be waived or conferred by consent of the parties." *Castellucci v. Castellucci,* 116 R.I. 101, 103 (1976).

The function of a motion pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Sousa v. Albino,* 120 R.I. 461 (1978). "In ruling on a Rule 12(b)(6) motion, the trial justice must assume the truth of all allegations contained in the complaint and resolve any doubt in the plaintiff's favor. A dismissal under Rule 12(b)(6) should be granted only when a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Sousa*, 120 R.I. at 461.

## IV. Argument

A. Appellant has failed to comply with the procedural requirements of R.I. Gen. Laws §33-23-1, and as such, this probate appeal must be dismissed as these requirements are jurisdictional and must be strictly complied with.

Mr. Burt has failed to file the certified copy of the record in this case within 30 days of the entry of the order of the Probate Court from which he is appealing. As a result, he has not properly invoked the jurisdiction of the Superior Court pursuant to R.I. Gen. Laws § 33-23-1(a)(2), and his appeal must be dismissed.

R.I. Gen. Laws §33-23-1(a)(2), in relevant part, provides that:

> "Within thirty (30) days after the entry of the order or decree, the appellant shall file in the superior court a certified copy of the claim and record and the reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments and additions thereto."

Pursuant to R.I. Gen. Laws § 33-23-1(e), this "deadline is jurisdictional and may not be extended by either the probate court or the superior court, except for purposes of extending the time to file the transcript . . . ." Here, while Mr. Burt did timely file his Claim of Appeal and Reasons of Appeal, he filed the certified copy of the record one day late. The clear and unambiguous language of the statute forbids any expansion of the time for perfecting an appeal. In addition, the Rhode Island Supreme Court has consistently upheld decisions to dismiss probate appeals that were not timely perfected, even where the claim was perfected just one day late. In *Dugdale v. Chase*, 52 R.I. 63, 157 A. 430 (1931), the appellant filed her reasons of appeal one day after the statutory deadline, and the Superior Court granted appellee's motion to dismiss for that reason. The Supreme Court agreed that there was no error in the ruling and that the statutory procedure authorizing a probate appeal must be strictly complied with by an appellant.

More recently, the Supreme Court has held that a co-executor's appeal was properly dismissed for failure to provide the transcript from the probate court proceedings within

the mandated 30-day time period. *Kelley v. Jepson*, 811 A.2d 119 (R.I. 2002). Further, it has been held that when an additional 30-day extension was granted to allow appellants additional time to file any documents that may have been part of the record, such an extension was in error as R.I. Gen. Laws §33-23-1(e) leaves no doubt about the legislature' s intent. *Griggs v. Estate of Griggs*, 845 A.2d 1006 (R.I. 2004). In *Griggs*, the court ultimately held that "[b]ecause the petitioners failed to submit a sufficient Probate Court record to the Superior Court within the statutory deadline, the appeal was not perfected, thus the Superior Court lacked jurisdiction to hear the petitioners' appeal."

As was the case in Griggs, Mr. Burt failed to submit the record from the Warwick Probate court within the statutory 30 day time period. As a result, he has failed to perfect his appeal. This court therefore lacks jurisdiction to hear his appeal, which must be dismissed.

B. Because Appellant's Reasons of Appeal fails to state any specific reason for the request that the Consent Order be vacated, it fails as a matter of law to state a claim for which relief may be granted.

In order to prevail, a party seeking to have a consent order vacated must establish "fraud, mutual mistake, the lack of actual consent or the existence of other extraordinary circumstances." *Richardson v. Smith,* 691 A.2d 543, 546 (R.I. 1997). Here, Appellant has failed to even *allege* fraud, mutual mistake, lack of actual consent, or the existence of other extraordinary circumstances. Appellant's Reasons of Appeal state no legal ground supporting the relief sought, but rather state only that the Appellant is "aggrieved by that certain Order entered by the Probate Court of the City of Warwick, on or about April 6, 2006 which states …." The Reasons of Appeal then recites the entire contents of the Consent Order.

There is no dispute regarding the contents of the Consent Order, and even assuming the Appellant now feels that he is "aggrieved" by the terms of that order, this is not a sufficient ground for vacating a Consent Order which the Appellant's legal representative signed

on his behalf. Appellant himself was present at the probate proceedings at which the Consent Order was presented, and Appellant voiced no objection nor disputed his consent to the entry of the Consent Order. "A party may not escape its obligations simply because one of the parties may not consider the agreement to be as palatable to them as when they entered into it." *Mansolillo v. Employee Retirement Board of Providence*, 668 A.2d 313, 317 (R.I. 1995).

Because the claim of appeal fails to identify a single reason which, under any set of facts, would justify the vacating of the Consent Order, Mr. Burt's appeal fails, as a matter of law, to state a claim for which relief may be granted, and must therefore be dismissed.

For the foregoing reasons, and pursuant to Sup. Ct. R. Civ. Pro. 12(b)(1) and 12(b)(6), it is respectfully requested that this Honorable Court grant the Bank of America's motion to dismiss the Appellant, Roland W. Burt, Jr.'s appeal for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

BANK OF AMERICA, CORP.

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: June 9, 2006

 6/9/06

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of Motion to Dismiss was mailed, postage prepaid, on this 9th day of June, 2006:

Fred L. Mason, Jr., Esq.
Mason Associates, P.C.
20 Cedar Swamp Road
Smithfield, RI 02917

Robert E. Kiely, Esq.
Regan & Kiely, LLP
85 Devonshire Street
Boston, MA 02109

Joseph A. Keough, Jr. Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

Staci L. Kolb, Esq.
Karen A. Pelczarski, Esq.
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903-1765

Richard C. Tallo, Esq.
Thomas W. Pearlman, Esq.
750 East Avenue
P.O. Drawer 9007
Providence, RI 02940

Mark A. Sjoberg, Esq.
Jennifer A. Niedzinski, Esq.
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, RI 02886

______________________

857807_1/4150-24