**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as executor of the Estate of Beverly Kiepler, JANIS FISHER, DAVID GILMORE and RAYMOND P. CYR, JR.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-239S** |
| **BANK OF AMERICA CORP. as Co-Executors of the Estate of Magda Burt,** | : | |
| **Defendant** | : | |

**PLAINTIFFS' MOTION TO ADD/REMOVE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21**

Now come the plaintiffs in the above-captioned matter and pursuant to Rule 21 of the Federal Rules of Civil Procedure, hereby move to add Bank of America, N.A. as the party defendant and to remove Bank of America Corp. as a party to this litigation. In support thereof, the plaintiffs rely on the memorandum of law incorporated herein and filed herewith.

WHEREFORE, the plaintiffs pray that this Honorable Court grant the relief sought herein and all other relief this Court deems meet and just.

Plaintiffs,
By their Attorneys,
JUDITH A. LAWTON and DAVID GILMORE
By their Attorneys,

/s/ Karen A. Pelczarski
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-8900
Facsimile: 401-751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

JOAN GRANT, CAROL LINCOLN, JANICE LEFFINGWELL and JOYCE HENDRICKS,
By their Attorney,

/s/ Joseph A. Keough Jr.
Joseph A. Keough Jr. (#4195)
Keough & Sweeney, Ltd.
100 Armistice Boulevard
Pawtucket, RI 02860
Telephone: 401-724-3600
Facsimile: 401-724-9909
jkeoughjr@keoughsweeney.com

JOHN KIEPLER executor u/w/o Beverly Kiepler and JANIS FISHER,
By their Attorneys,

/s/ Mark A. Sjoberg
Mark A. Sjoberg (#2427)
Jennifer A. Niedzinski (#6824)
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, Rhode Island 02886
Telephone: 401-737-9696
Facsimile: 401-737-9119
mas@sjoberglaw.com,
JAN@sjoberglaw.com

RAYMOND P. CYR JR.,
By his Attorneys,

/s/ Richard Tallo
Richard Tallo (#0504)
P.O. Drawer 9007
Providence, Rhode Island 02940
Telephone: 401-726-1010
Facsimile: 401-726-3406
richard@pearlmanlawoffices.com

/s/ James A. Currier
James A. Currier (#0953)
1345 Westminster Street
Providence, Rhode Island 02903
Telephone: 401-861-2200
Facsimile: 401-421-2450
currlaw@myexcel.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' MOTION TO AMEND COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 1st day of October, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
James A. Currier, Esq.
Steven E. Snow

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as executor of the Estate of Beverly Kiepler, JANIS FISHER, DAVID GILMORE and RAYMOND P. CYR, JR.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-239S** |
| **BANK OF AMERICA CORP. as Co-Executors of the Estate of Magda Burt,** | : | |
| **Defendant** | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO ADD/REMOVE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 21**

## I. INTRODUCTION

The plaintiffs in the above-captioned matter have moved to add Bank of America, N.A. as party defendant and to remove Bank of America Corp. as a party to this litigation pursuant to Rule 21 of the Federal Rules of Civil Procedure. In support thereof, the plaintiffs rely on this memorandum of law.

## II. FACTS

The plaintiffs, the Probate Court of the City of Warwick, by and through Judith A. Lawton, Judith Grant, Carol Lincoln, Janice Leffingwell, Joyce Hendricks, John Kiepler,

as executor of the estate of Beverly Kiepler, Janis Fisher, David Gilmore and Raymond Cyr, ("Plaintiffs") nine of the ten residuary beneficiaries of the estate of Magda L. Burt ("Decedent"), brought this civil action against defendant Bank of America Corp. ("the Bank"), as a co-executor of Decedent's will. This suit was filed against the Bank on its bonds under the authority of the Probate Court of the City of Warwick, Rhode Island ("Probate Court") pursuant to a Consent Order ("Consent Order") entered on April 6, 2006. The Plaintiffs' complaint was filed on June 28, 2007 and named Bank of America Corp. as the sole defendant.

Despite agreeing to this action via the Consent Order, on August 18, 2007, the Bank filed a Motion to Dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). As part of the Bank's Motion, it alleged that Plaintiffs named the wrong corporate entity as the defendant in this action:

> "As an initial (and, admittedly, correctible) problem, Plaintiff has sued the wrong party. Plaintiff has sued "Bank of America Corp." in its capacity as Co-Executor of the Estate of Magda Burt. Bank of America Corp. is a holding company for Bank of America, N.A., the entity which does business as Bank of America, and the entity which has served as Co-Executor of the Estate of Magda Burt." (See Memorandum of Law in Support of Bank of America Motion to Dismiss Complaint, p. 3)

Thus, in order to correct this "admittedly correctible problem," the Plaintiffs seek to add Bank of America, N.A. as the proper party defendant, and to remove Bank of America Corp. as a party to this suit. (See Exhibit 1, proposed amended complaint). [1]

**III. ARGUMENT**

Pursuant to Fed. R. Civ. P. 21, "Misjoinder of parties is not grounds for dismissal

1 Plaintiffs have filed an Objection To Defendant's Motion to Dismiss contemporaneously with this Motion to Add/Remove. Plaintiffs incorporate by reference the Factual Background and Travel of the Case as set

of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Under Rule 21, misjoinder of parties is not a ground of defense and, therefore, not a ground for dismissal. *Diepen v. Fernow*, 1 F.R.D. 378 (W.D.Mich. 1940). The suitable remedy in such a case is to drop the party who has been improperly joined. *Diepen, Id.* When a real party in interest has not been joined as a party, the real party in interest may be added under the provisions of Rule 21 of the Federal Rules of Civil Procedure. *Askey v. C. & M. Service*, 45 F.R.D. 242 (M.D.Pa. 1968)

Parties may be dropped or added by order of the Court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. This rule affords broad discretion to the Court in adding and dropping parties; either may be done at any time and under any terms or conditions imposed by the Court. *Fair Housing Development Fund Corp. v. Burke,* 55 F.R.D. 414 (E.D.N.Y. 1972) It is well established that "[a]fter a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21 . . ." 3A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 21.05[1] (2d ed. 1989).

Certain principles are most pertinent to the proper exercise of a Court's discretion under Rule 21. First, the purpose of the rule, insofar as it relates to the addition of parties is to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable. *Fair Housing Dev. Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y. 1972). (citing *Truncale v. Universal Pictures Co.,* 82 F.Supp. 576, 578

---

forth in the Memorandum in Support of said Objection.

(S.D.N.Y. 1949*)*; and *Crews v. Blake,* 52 F.R.D. 106, 107 (S.D.Ga.1971)). Secondly, the liability of the proposed additional parties is not an issue to be determined at the motion stage. *Fair Housing, Id.* (citing *United States v. National Screen Service Corp.,* 20 F.R.D. 226, 227 (S.D.N.Y. 1957)). Finally, the general standard by which the Court is to be guided is the same standard of liberality afforded to motions to amend pleadings under Rule 15, Fed.R.Civ.P. *Fair Housing, Id.* (citing *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y. 1966*);* and *Holiday Publishing Co. v. Gregg,* 330 F.Supp. 1326, 1328 (S.D.N.Y. 1971*)*. In the absence of any apparent or declared reason – such as undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; or, undue prejudice to the opposing party by virtue of allowance of the amendment – the leave sought should, as the rules require, be freely given. *Kalman v. Berlyn Corp.*, 914 F.2d 1473 (Fed.Cir. 1990).

In the instant action, there should be no question that Plaintiffs' requested relief is appropriate and should be granted. As the Bank admitted, the Plaintiffs' misnaming of the proper corporate defendant is entirely correctible. In fact Rule 21 provides a specific mechanism for making this correction. Thus, Bank of America N.A. should be added as the named defendant, and Bank of America Corp. should be removed.

## III. CONCLUSION

For the reasons set forth herein, the Plaintiffs pray that this Honorable Court grant the relief sought herein and all other relief this Court deems meet and just.

Plaintiffs,
By their Attorneys,
JUDITH A. LAWTON and DAVID GILMORE
By their Attorneys,

/s/ Karen A. Pelczarski
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-8900
Facsimile: 401-751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

JOAN GRANT, CAROL LINCOLN, JANICE LEFFINGWELL and JOYCE HENDRICKS,
By their Attorney,

/s/ Joseph A. Keough Jr.
Joseph A. Keough Jr. (#4195)
Keough & Sweeney, Ltd.
100 Armistice Boulevard
Pawtucket, RI 02860
Telephone: 401-724-3600
Facsimile: 401-724-9909
jkeoughjr@keoughsweeney.com

JOHN KIEPLER executor u/w/o Beverly Kiepler and JANIS FISHER,
By their Attorneys,

/s/ Mark A. Sjoberg
Mark A. Sjoberg (#2427)
Jennifer A. Niedzinski (#6824)
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, Rhode Island 02886
Telephone: 401-737-9696
Facsimile: 401-737-9119
mas@sjoberglaw.com,
JAN@sjoberglaw.com

RAYMOND P. CYR JR.,
By his Attorneys,

/s/ Richard Tallo
Richard Tallo (#0504)
P.O. Drawer 9007
Providence, Rhode Island 02940
Telephone: 401-726-1010
Facsimile: 401-726-3406
richard@pearlmanlawoffices.com

/s/ James A. Currier
James A. Currier (#0953)
1345 Westminster Street
Providence, Rhode Island 02903
Telephone: 401-861-2200
Facsimile: 401-421-2450
currlaw@myexcel.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' MOTION TO AMEND COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 1st day of October, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
James A. Currier, Esq.
Steven E. Snow