**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as executor of the Estate of Beverly Kiepler, JANIS FISHER, DAVID GILMORE and RAYMOND P. CYR, JR.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-239S** |
| **BANK OF AMERICA, N.A. as Co-Executors of the Estate of Magda Burt,** | : | |
| **Defendant** | : | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**Introduction**

1. Now come the plaintiffs, as nine of the ten residuary beneficiaries of the estate of Magda L. Burt ("Decedent"), and bring this civil action against defendant, Bank of America, N.A., as a co-executor of Decedent's Will on its bonds under the authority of the Probate Court of the City of Warwick, Rhode Island ("Probate Court") pursuant to a consent order entered April 6, 2006 *(See attached Exhibit A incorporated herein by reference)*, the validity of which was declared by judgment of the United States District Court for the District of Rhode Island entered April 4, 2007 *sub nom. Bank of America, N.A. et al. v. Roland W. Burt, Jr.*, C.A. No. 06-394-S-LDA *(See attached Exhibit B incorporated herein by reference)* and by order of the Kent County Superior Court entered April 17, 2007 *sub nom. Roland W. Burt, Jr. v. Robert Gates et al.*, C.A. No. KP-2006-

0406 *(See attached Exhibit C incorporated herein by reference),* and for their complaint make the following allegations as set forth herein below.

2. The Probate Court of the City of Warwick ("Probate Court") is a duly established Probate Court in the State of Rhode Island that has concurrent jurisdiction over the Estate of Magda L. Burt.

**Parties**

3. Plaintiff, Judith A. Lawton, an individual residing in the State of Florida, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

4. Plaintiff, Joan Grant, an individual residing in Rehoboth, Commonwealth of Massachusetts, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

5. Plaintiff, Carol Lincoln, an individual residing in Pawtucket, Rhode Island, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

6. Plaintiff, Janice Leffingwell, an individual residing in the Commonwealth of Massachusetts, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

7. Plaintiff, Joyce Hendricks, an individual residing in Providence, Rhode Island, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

8. Plaintiff, John Kiepler, is an individual residing in the Commonwealth of Massachusetts and brings this action in his capacity as executor of the estate of Beverly Kiepler, deceased, who is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

9. Plaintiff, Janis B. Fisher, an individual residing in Warwick, Rhode Island, is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

10. Plaintiff, David Gilmore, an individual residing in Warwick, Rhode Island, and is successor-in-interest to June Gilmore, deceased, who is a residuary beneficiary of Decedent's Will and an interested person in Decedent's Estate.

11. Plaintiff, Raymond P. Cyr, Jr., an individual residing in the State of Florida, is a residuary beneficiary of Decedent's Will an interested person in Decedent's Estate.

12. Defendant Bank of America, N.A. Corp. is a Delaware corporation, with a principal place of business in Raleigh, North Carolina.

**Jurisdiction/ Venue**

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the plaintiffs and defendant are citizens of different states.

14. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(a)(2), inasmuch as Decedent's Estate which is the subject matter of this Complaint, was administered in Rhode Island, and the actions constituting the breaches of fiduciary duties alleged herein occurred in Rhode Island.

**Factual Allegations**

15. On August 30, 1987, Decedent, a resident of Warwick, Rhode Island, died testate. Her Last Will and Testament dated January 22, 1981 nominated Attorney Robert B. Gates ("Gates") and Rhode Island Hospital Trust National Bank ("RIHTNB") as co-executors (the "Co-Executors").

16. On or about October 8, 1987, the Probate Court appointed Gates and RIHTNB as Co-Executors of Decedent's Will upon filing bond in the sum of $2,500,000 without surety.

17. On or about October 8, 1987, Gates and RIHTNB filed non-surety appointment bonds each in the sum of $2,500,000 and letters testamentary issued to Gates and RIHTNB as Co-Executors.

18. Notice of the Co-Executors' qualification was first published on October 27, 1987 and the creditor's claim period, so-called, expired April 27, 1988.

19. In or about 1997, RIHTNB was acquired by BankBoston Corp. On or about October 1, 1999, BankBoston Corp. merged with Fleet Financial Group of Massachusetts creating Fleet National Bank and a new parent organization, FleetBoston Financial Corp. In or about April, 2004 FleetBoston Financial Corp. merged into Bank of America, N.A. Consequently, in or about April 2004, Bank of America, N.A. became and continues to be one of the Co-Executors of the Decedent's Estate.

20. On or about June 10, 1988, the Co-Executors filed their inventory and the Probate Court thereupon ordered additional bond in the sum of $1,767,000 without surety.

21. On or about June 15, 1988, the Co-Executors filed their additional non-surety bonds each in the sum of $1,767,000. (Hereinafter, the aforementioned bonds are referenced collectively as the "Bond".)

22. Decedent's probate estate included 2,256 shares of Class A non-voting stock ("Stock") of Nyman Mfg. Co. ("Nyman Co."), a Rhode Island closely-held corporation in the business of manufacturing and selling disposable food containers.

23. On or about August 31, 1987, RIHTNB's closely-held business department

performed an internal valuation of the Nyman Co. Stock rendering a value of $383.04 per share as of Decedent's date of death.

24. No independent certified business valuation of Nyman Co. or independent certified appraisal of the Nyman Co. Stock were ever requested or obtained by RIHTNB since Decedent's death. Nor was any subsequent internal valuation of the Nyman Co. Stock ever requested or obtained by the Co-Executors.

25. From 1989 through 1994, Nyman Co. operated at a financial loss. In fiscal year 1994 ending March, 1994, Nyman Co. incurred an operating loss of approximately $4.5 million.

26. However, in 1994, Nyman Co. experienced a financial turn-around following the hiring of a specialist in restructuring and marketing financially troubled companies as its chief financial officer and treasurer.

27. In fiscal year 1995 ending March, 1995, Nyman Co. earned a profit of over $1.6 million. In fiscal year 1996, ending March, 1996, Nyman Co. earned a profit of approximately $3.5 million, exclusive of $2 million dollar deferred bonuses awarded to the company's officers and directors, Robert Nyman, Kenneth Nyman and Keith Johnson (collectively, “Nyman’s Principals”).

28. Shareholder equity in Nyman Co. increased substantially from $131,000 (as of March, 1994) to over $1.6 million (as of March, 1995). Shareholder equity continued to increase dramatically, substantially and progressively on a monthly basis thereafter.

29. As Nyman’s Principals recognized the effects of the company's dramatic financial revival on the value of its stock, they devised a plan to acquire all other issued and outstanding shares of stock of Nyman Co. for themselves.

30. On or about August 4, 1995, Nyman Co. offered to purchase all 2,256 shares of Nyman Co. Stock held by Decedent's Estate from the Co-Executors for $145.36 per share (the "Stock Purchase Offer"). At that time, Decedent's Estate owned the largest single block of shares of stock of Nyman Co.

31. The price of $145.36 per share was based upon discounted book value of the shares as of March, 1995.

32. Upon receipt of the Stock Purchase Offer, neither of the Co-Executors evaluated or performed any due diligence regarding said Offer. That is, neither of the Co-Executors evaluated the price of the offer relative to the value of Nyman Co. or Nyman Co. Shares, nor did they evaluate the offer in terms of any plans by Nyman's Principals to acquire Nyman Co. stock or sell the company.

33. Nor did the Co-Executors evaluate or perform any due diligence with respect to the information Nyman Co. and/or Nyman's Principals supplied with the Stock Purchase Offer. More particularly, the Co-Executors sought no information from Nyman Co. other than that which Nyman Co. and/or Nyman's Principals supplied with the Stock Purchase Offer.

34. In fact, the proposed purchase price for Nyman Stock in the Stock Purchase Offer was substantially less than fair market value, and the information Nyman's Principals supplied with the Stock Purchase Offer was misleading, incomplete, and inadequate to allow the Co-Executors or the beneficiaries to make an informed decision as to whether to accept it.

35. The Co-Executors failed or refused to ascertain material information which could have been obtained through reasonable inquiry and due diligence, and which would

have been available to them as a matter of law, which would have impacted the residuary beneficiaries' decisions to accept or reject said offer (collectively, the "Undisclosed Material Information"), including but not limited to:

(a) that discounted book value of Nyman Co. Stock as of March, 1995 was inadequate to determine the fair market value of the Nyman Co. Stock as of the date of the Stock Purchase Offer;

(b) that book value of Nyman Co. Stock-had increased to approximately $2.88 million by the date of the Stock Purchase Offer;

(c) that Nyman's Principals planned to issue themselves options to purchase the Nyman Co. Stock upon its purchase from Decedent's Estate; and

(d) that Nyman's Principals were then engaged in a reorganization of the business incidental to their plan to market and sell the company at a value substantially greater than its book value as of March, 1995 and its stock at a price substantially greater than $145.36 per share.

36. On or about August 10, 1995, the Co-Executors simply forwarded to the residuary beneficiaries the inadequate information supplied to them by Nyman's Principals, and failed to obtain from Nyman Co. or Nyman's Principals or forward to the residuary beneficiaries the Undisclosed Material Information and/or information sufficient to provide to the residuary beneficiaries a reasonable opportunity to make an informed decision as to whether to agree to sell the Nyman Co. Stock to Nyman Co. for $145.36 per share.

37. The Co-Executors offered no advice or opinion to the residuary beneficiaries as to the reasonableness of the Stock Purchase Offer nor did they advise the

residuary beneficiaries that the Co-Executors had failed or refused to obtain Undisclosed Material Information sufficient to enable the residuary beneficiaries to make an informed decision as to whether to accept or reject the Stock Purchase Offer.

38. Whereas the Stock Purchase Offer was expressly conditioned upon acceptance by all ten (10) residuary beneficiaries of Decedent's Estate, which condition was never amended or withdrawn, and whereas all ten (10) residuary beneficiaries did not accept Nyman Co.'s Stock Purchase Offer, based upon the express condition, the Nyman Co. Stock could not be sold.

39. Despite the fact that there was no impediment to the distribution of the Nyman Co. Stock in kind to the ten (10) residuary beneficiaries in equal shares without probate court approval, the Co-Executors petitioned the Probate Court for permission to do so.

40. At all relevant times herein, the Co-Executors knew or should have known that: (a) the sale of the Nyman Co. Stock was not required to pay any debt, expense, charge or other financial obligation of Decedent's Estate; (b) the Nyman Co. Stock was unencumbered by the equitable charge of Decedent's Estate which expired April 27, 1990; and (c) no impediment existed to the in kind equal distribution of the Nyman Co. Stock to the residuary beneficiaries without Probate Court approval. Nonetheless, the Co-Executors petitioned the Probate Court for permission to distribute the Nyman Co. Stock to the residuary beneficiaries.

41. Once again, incident to the petition to distribute the Nyman Co. Stock, the Co-Executors failed or refused to ascertain any of the Undisclosed Material Information which could have been obtained through reasonable inquiry and due diligence and which

would have impacted the Probate Court's decision to order distribution of said Stock.

42. On or about October 19, 1995, the Probate Court heard the Co-Executors' petition for in-kind distribution of the Nyman Co. Stock. During that hearing, the Co-Executors presented no position and offered no material information or evidence concerning the Stock Purchase Offer or the current value of the Nyman Co. Stock for the Probate Court's consideration, but permitted counsel for Nyman Co. to press for the sale of said Stock on Nyman Co.'s terms.

43. As a result of the Co-Executors' failure or refusal to represent and protect the interests of all residuary beneficiaries, the Probate Court treated the Co-Executors' petition to distribute said Stock as a petition to sell the same and approved the sale on Nyman Co.'s terms for $145.36 per share or a total purchase price of $327,932.00. Accordingly, an Order requiring the sale of the Nyman Co. Stock was entered by the Probate Court on November 2, 1995. *(See attached Exhibit D incorporated herein by reference)*

44. Thereafter, the Co-Executors failed or refused:

(a) to appeal the Probate Court's Order ordering said sale for *de novo* consideration in the superior court;

(b) to claim said appeal on behalf of and to protect the residuary beneficiaries' rights and interests as "aggrieved persons" by statute;

(c) to advise each residuary beneficiary of their right, deadlines and process to claim said appeal; and

(d) to advise the residuary beneficiaries of the consequences of failing to claim said appeal.

45. On or about November 6, 1995, the Co-Executors consummated the sale of the Nyman Co. Stock for $145.36 per share: (a) without further notice to the residuary beneficiaries; (b) without ever having collected or ascertained Undisclosed Material Information; and (c) within the 20 day appeal period from said November 2, 1995 Order rendering any appeal moot.

46. Contemporaneous with said November 6, 1995 sale, Nyman's Principals granted themselves options to purchase the Nyman Co. Stock at $145.36 per share.

47. Thereafter, the financial condition of Nyman Co. steadily improved and the value of the Nyman Co. Stock steadily increased as Nyman's Principals continued prepared to sell the company.

48. On or about September 29, 1997, all the stock of Nyman Co. was sold to its competitor, Van Leer Corporation, for $1,667.38 per Class A non-voting share and $2,167.59 per Class B voting share. Nyman's Principals received $3,761,609.20 for the 2,256 shares of Nyman Co. Stock sold to them by the Co-Executors for $327,932.00 less than two years earlier.

49. Additionally, prior to the September, 1997 sale, Nyman's Principals improperly diluted the value of Nyman Co. Stock before the sale to Van Leer Corporation, by purchasing treasury shares for less than fair market value, and by negotiating excessive and unreasonable consideration for their own noncompetition agreements.

50. At all relevant times, the Co-Executors failed or refused to question Nyman's Principals or hold them accountable as fiduciaries to the shareholders, including Decedent's estate and the residuary beneficiaries.

51. Even when the full scope of the misfeasance and malfeasance of Nyman's

Principals became apparent through the efforts of other shareholders of Nyman Co. the Co-Executors failed or refused to seek redress by joining a pending civil action or initiating its own civil action against Nyman's Principals.

52. Upon information and belief, the Co-Executors have, *inter alia*:

(a) neglected or refused to discharge their fiduciary duties as Co-Executors as required by statute, common law and/or Decedent's Will;

(b) wasted Decedent's estate;

(c) failed or refused to render a true and complete inventory, upon oath, of all the goods, chattels, rights and credits of the Decedent together with an appraisement thereof as by law required;

(d) failed or refused to administer according to law and Decedent's Will all of Decedent's personal property, including the Nyman Co. Stock;

(e) failed or refused to render a true and complete account, under oath, of their administration of Decedent's estate as by law required;

(f) violated the conditions of their respective bonds pursuant to RIGL '33-17-1(1);

(g) breached their fiduciary duty to the Probate Court, the Decedent and the residuary beneficiaries of Decedent's Estate;

(h) failed or refused to submit accurate, complete, valid and current information and evidence regarding the value of the Nyman Co. Stock to the Probate Court which the Co-Executors knew or should have known that the court would rely upon in making a decision

regarding the disposition of said Stock;

(i) failed or refused to exercise due diligence regarding the valuation and disposition of the Nyman Co. Stock and the conduct of the closely-held Nyman Co. and Nyman's Principals as it impacted such valuation and disposition;

(j) failed or refused to exercise due diligence to protect the shareholder rights appurtenant and incidental to the each residuary beneficiary's equitable ownership of the Nyman Co. Stock;

(k) failed or refused to exercise, protect and/or enforce the shareholder rights of Decedent's estate and its residuary beneficiaries under the Rhode Island Business Corporations Act then in force, RIGL "7-1.1-1, *et seq.* (repealed by P.L. 2004 ch. 274, '1 effective July 1, 2005);

(l) petitioned the Probate Court to authorize an in-kind distribution of the Nyman Co. Stock to the residuary beneficiaries when already empowered under Decedent's Will to distribute the probate assets and close Decedent's Estate;

(m) failed or refused to present a case in the Probate Court for in-kind distribution of the Nyman Co. Stock and failed to refute or question the accuracy and adequacy of the information proffered by the buyer to substantiate its offer to purchase said Stock;

(n) failed or refused to object to the Probate Court's conversion of his petition for in kind distribution of the Nyman Co. Stock into its sale and did not take steps reasonably necessary to protect the residuary

beneficiaries' rights not to be deprived of their property right thereto without due process of law;

(o) failed or refused to claim an appeal from the Probate Court's Order authorizing said Stock sale for *de novo* consideration in the superior court as co-executor;

(p) failed or refused to claim said appeal on behalf of and to protect the residuary beneficiaries' rights and interests as "aggrieved persons" by statute;

(q) failed or refused to advise each residuary beneficiary of the Co-Executors' intention not to claim an appeal and of their right, deadlines and process to claim said appeal individually;

(r) failed or refused to advise each residuary beneficiary of the consequences of failing to claim said appeal;

(s) consummated the sale of the Nyman Co. Stock for $145.36 per share without prior notice to the residuary beneficiaries and within the 20 day appeal period from said November 2, 1995 Order rendering any appeal moot; and

(t) failed or refused to pursue any remedy on behalf of Decedent's Estate and/or its residuary beneficiaries against Nyman's Principals when the nature and extent of their duplicity, misfeasance, malfeasance became known through the action and initiative of other shareholders, some of whom were residuary beneficiaries of Decedent's Estate.

53. Defendant Bank of America, N.A., as a Co-Executor, and as successor-in-interest to RIHTNB is jointly and severally liable to plaintiffs and the residuary beneficiaries of the Decedent's Estate for the actions and failures to act of the Co-Executors as aforesaid.

54. On or about October 6, 2005, Gates resigned as one of the Co-Executors of Decedent's Estate.

55. Before and since the resignation of Gates, upon information and belief, defendant Bank of America, N.A. has, *inter alia*:

(a) neglected or refused, and continues to neglect or refuse, to discharge its fiduciary duties as a co-executors as required by statute, common law and Decedent's Will;

(b) wasted, and continues to waste, Decedent's estate;

(c) failed or refused, and continues to fail or refuse, to render a true and complete inventory, upon oath, of all the goods, chattels, rights and credits of the Decedent together with an appraisement thereof as by law required;

(d) failed or refused, and continues to fail or refuse, to administer according to law and Decedent's Will all of Decedent's personal property, including the Nyman Co. Stock;

(e) failed or refused, and continues to fail or refuse, to render a true and complete account, under oath, of their administration of Decedent's Estate as by law required;

(f) violated, and continues to violate, the conditions of the Bond

pursuant to RIGL § 33-17-1(1);

(g) breached, and continues to breach, its fiduciary duty to the Probate Court, the Decedent and the residuary beneficiaries of Decedent's Estate;

(h) failed or refused, and continues to fail or refuse, to exercise due diligence to protect the shareholder rights appurtenant and incidental to the each residuary beneficiary's equitable ownership of the Nyman Co. Stock;

(i) failed or refused, and continues to fail or refuse, to pursue any remedy on behalf of Decedent's Estate and/or its residuary beneficiaries against Nyman's Principals when the nature and extent of their duplicity, misfeasance, malfeasance became known through the action and initiative of other shareholders, some of whom were residuary beneficiaries of Decedent's Estate;

(j) failed or refused, and continues to fail or refuse, to take any action to seek relief caused by any wrongful acts and failures to act of Nyman's Principals in connection with the Stock Purchase Offer and the redemption of the Decedent's Estate shares in November 2005;

(k) failed or refused, and continues to fail or refuse, to resign as a co-executor, even though there is a pending action to remove defendant Bank of America, N.A. as a co-executor, even though a majority if not all of the residuary beneficiaries desire such removal, even though its co-executor, Gates, has voluntarily resigned and even

though the defense by Bank of America, N.A. of the pending action is or may be of substantial cost and expense to the Decedent's Estate and its residuary beneficiaries;

(l) failed, and continues to fail, to administer the Decedent's Estate according to law and the Decedent's will; and,

(m) refuses to resign and continues in its capacity as a co-executor having become incapable of executing its duties as a co-executor, and over the objection of the residuary beneficiaries.

**COUNT I**
**Suit on Bond**

56. Plaintiffs incorporate by reference paragraphs 1 through 55 above as though fully alleged herein.

57. At all relevant times herein, defendant Bank of America, N.A., individually and as successor- in-interest to RIHTNB was and continues to be charged with faithful performance of its bond and owes continuing fiduciary duties to the residuary beneficiaries of Decedent's Estate until discharged pursuant to RIGL § 33-17-1, *et. seq.* and at common law.

58. By reason of the Co-Executors' joint and several acts, omissions and failures as aforesaid, defendant Bank of America, N.A., individually and as successor- in-interest to RIHTNB, breached the conditions of its bond and its fiduciary duties to the Probate Court, the Decedent and the residuary beneficiaries of Decedent's Estate.

59. Defendant Bank of America, N.A., individually and as successor- in-interest to RIHTNB, has not been discharged upon its bond.

60. As a direct and proximate result of defendant Bank of America, N.A.'s

acts, omissions, failures and breaches as aforesaid, both individually and as successor- in-interest to RIHTNB, the plaintiffs were and are greatly damaged.

WHEREFORE, Plaintiffs demand judgment in their favor and against defendant, Bank of America, N.A., for compensatory damages, statutory interest, attorneys' fees, costs and such other and further relief as this Court deems just and proper in the circumstances.

**COUNT II**
**Breach of Fiduciary Duty**

61. Plaintiffs incorporate by reference paragraphs 1 through 60 above as though fully alleged herein.

62. At all relevant times herein, defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB, and its co-executor were and are charged with a general and ongoing fiduciary duties to the residuary beneficiaries of Decedent's Estate until discharged including, but not limited to: (a) the duty of general prudence, (b) the duty to act, (c) the duty to carry out the terms of Decedent's Will and comply with the requirements of the law, (d) the duty of good faith and loyalty to the residuary beneficiaries, (e) the duty of giving personal attention to and not delegating estate responsibilities, (f) the duty to account to the residuary beneficiaries, (g) the duty to provide information to the residuary beneficiaries, (h) the duty to take active control of and to protect estate property, (i) the duty of impartiality, (j) the duty to proceed expeditiously with the settlement and distribution of the estate, and (k) the duty to administer the estate promptly and efficiently.

63. By reason of the Co-Executors' joint and several acts, omissions and failures as aforesaid, defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB, has breached and continues to breach its fiduciary

duties to the Probate Court, the Decedent and the residuary beneficiaries of Decedent's Estate.

64. Defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB has not been discharged or relieved from its fiduciary duties.

65. As a direct and proximate result of defendant Bank of America, N.A.'s, acts, omissions, failures and breaches as aforesaid, both individually and as successor- in-interest to RIHTNB, the plaintiffs were and are greatly damaged.

WHEREFORE, Plaintiffs demand judgment in their favor and against defendant, Bank of America, N.A., for compensatory damages, statutory interest, attorneys' fees, costs and such other and further relief as this Court deems just and proper in the circumstances.

**COUNT III**
**Negligence**

66. Plaintiffs incorporate by reference paragraphs 1 through 65 above as though fully alleged herein.

67. At all relevant times herein, defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB, and its co-executor were and are was and continues to be charged with a general and ongoing obligation to discharge its trust as a co-executor of Decedent's Will and administer Decedent's Estate faithfully, competently, carefully, thoroughly and in the exercise of due care.

68. By reason of the Co-Executors' joint and several acts, omissions and failures as aforesaid, and by reason for the acts, omissions and failures to act as aforesaid of defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB as aforesaid, defendant Bank of America, N.A. has neglected and continues to neglect its trust and has failed and continues to fail to administer Decedent's Estate

faithfully, competently, carefully, thoroughly and in the exercise of due care.

69. Defendant Bank of America, N.A., both individually and as successor- in-interest to RIHTNB, has not been discharged or relieved from its trust.

70. As a direct and proximate result of defendant Bank of America, N.A.'s acts, omissions, failures and breaches as aforesaid, both individually and as successor-in-interest to RIHTNB, the plaintiffs were and are greatly damaged.

WHEREFORE, Plaintiffs demand judgment in their favor and against defendant, Bank of America, N.A., for compensatory damages, statutory interest, attorneys' fees, costs and such other and further relief as this Court deems just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiffs hereby declare that there are matters of fact in controversy and hereby demand trial by jury on all factual issues presented in this civil action.

Plaintiffs,
By their Attorneys,
JUDITH A. LAWTON and DAVID GILMORE
By their Attorneys,

/s/ Karen A. Pelczarski
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-8900
Facsimile: 401-751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

JOAN GRANT, CAROL LINCOLN,
JANICE LEFFINGWELL and
JOYCE HENDRICKS,
By their Attorney,

/s/ Joseph A. Keough Jr.
Joseph A. Keough Jr. (#4195)
Keough & Sweeney, Ltd.
100 Armistice Boulevard
Pawtucket, RI 02860
Telephone: 401-724-3600
Facsimile: 401-724-9909
jkeoughjr@keoughsweeney.com

JOHN KIEPLER executor u/w/o Beverly
Kiepler and JANIS FISHER,
By their Attorneys,

/s/ Mark A. Sjoberg
Mark A. Sjoberg (#2427)
Jennifer A. Niedzinski (#6824)
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, Rhode Island 02886
Telephone: 401-737-9696
Facsimile: 401-737-9119
mas@sjoberglaw.com,
JAN@sjoberglaw.com

RAYMOND P. CYR JR.,
By his Attorneys,

/s/ Richard Tallo
Richard Tallo (#0504)
P.O. Drawer 9007
Providence, Rhode Island 02940
Telephone: 401-726-1010
Facsimile: 401-726-3406
richard@pearlmanlawoffices.com

/s/ James A. Currier
James A. Currier (#0953)
1345 Westminster Street
Providence, Rhode Island 02903
Telephone: 401-861-2200
Facsimile: 401-421-2450
currlaw@myexcel.com

# EXHIBIT A

STATE OF RHODE ISLAND
COUNTY OF KENT

PROBATE COURT OF THE
CITY OF WARWICK

Estate of MAGDA L. BURT,
*Resident decedent*

No. 87-310

## CONSENT ORDER

This matter came for hearing on December 1, 2005 and conferences thereafter before Probate Judge Stephen M. Isherwood upon petitions for removal of Bank of America, N.A., successor in interest to Fleet National Bank and Rhode Island Hospital Trust National Bank ("BOA"), as co-executor and successor executor ("Executor") of the will of Magda L. Burt ("Decedent") and BOA's objections thereto, and in consideration thereof, after hearing thereon, and by agreement of the parties, it is hereby:

**ORDERED, ADJUDGED and DECREED:**

1. Pursuant to RIGL §§33-17-1 *et seq.*, the residuary beneficiaries under Decedent's will ("Beneficiaries") are hereby authorized:

   a. To sue on BOA's bonds to this Court as Executor in a single civil action in the United States District Court for the District of Rhode Island, whether by amendment of a pending action or initiation of a new action at the Beneficiaries' discretion, upon the following terms and conditions:

      i. By assenting to this Order, BOA makes no admission of liability or breach of fiduciary duty or bond obligation as Executor and reserves all its claims and defenses in said capacity, including those which have been asserted in various Superior Court actions brought by individual Beneficiaries.

      ii. The Court makes no finding of fact or law regarding any liability or breach of fiduciary duty or unfaithful administration by BOA as Executor at this time.

      iii. By assenting to this Order, the Beneficiaries reserve all their joint and several claims and defenses against the co-executors of Decedent's will, and the Beneficiaries agree to stay or dismiss (without prejudice) all pending Superior Court actions brought by individual Beneficiaries.

   b. To sue on Robert B. Gates' bonds to this Court as Executor in a single civil action in the Rhode Island Superior Court, whether by amendment of a pending action or initiation of a new action at the Beneficiaries' discretion, upon the terms and conditions set forth in the Order of this Court entered October 13, 2005.

2. The Executor's inventories and accountings shall be held *nisi* without finding and neither co-executor shall be discharged upon their bonds to the Court at this time.

3. All other pending petitions and objections shall pass without prejudice.

Entered as an Order this 6th day of April, 2006.

PER ORDER:

Probate Clerk

ENTER:

Stephen M. Isherwood, Probate Judge

STIPULATION:

*Agreed to in form and substance, the parties stipulating further that facsimile signatures hereon shall be accepted as original and that a certified copy of this Consent Order after entry shall have the same force and effect as a duplicate original.*

Beverly Kiepler & Janis B. Fisher
By Their Attorneys,

Mark A. Sjoberg, Esquire (#2427)
Jennifer A. Niedzinski, Esquire (#6842)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 Fax

BANK OF AMERICA, N.A.
By Their Attorneys,

Steven E. Snow, Esq. (#1774)
Carolyn P. Medina, Esq. (#7109)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 Fax

Joan Grant, Joyce Hendricks,
Carol Lincoln & Janice Leffingwell
By Their Attorneys,

Joseph A. Keough, Jr., Esq. (#4925)
KEOUGH & SWEENEY
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600
(401) 724-9909 Fax

Judith A. Lawton & David Gilmore
By Their Attorneys,

Staci L. Kolb, Esq. (#5451)
Karen A. Pelczarski, Esq. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903-1765
(401) 831-8900
(401) 751-7542 Fax

Roland W. Burt, Jr. &
Raymond P. Cyr, Jr.
By Their Attorneys,

Thomas W. Pearlman, Esq. (#0825)
Richard C. Tallo, Esq. (#0504)
P.O. Drawer 9007
Providence, RI 02940
(401) 726-1010
(401) 726-3406 Fax

## CERTIFICATION

I HEREBY CERTIFY that I mailed a copy of the within order by regular mail, postage prepaid, on April 5, 2006 to:

- Fred L. Mason, Jr., Esq. MASON ASSOCIATES, P.C., 20 Cedar Swamp Road, Smithfield, RI 02917 (co-counsel for Robert B. Gates)
- Robert E. Kiely, Esq., REGAN & KIELY LLP, 85 Devonshire Street, Boston, MA 02109 (co-counsel for Robert B. Gates)
- Steven E. Snow, Esq. & Carolyn P. Medina, Esq., PARTRIDGE, SNOW & HAHN, 180 South Main Street, Providence, RI 02903-7120 (counsel for BOA)
- Joseph A. Keough, Jr., Esq., KEOUGH & SWEENEY, 100 Armistice Boulevard, Pawtucket, RI 02860 (counsel for Joan Grant, Joyce Hendricks, Carol Lincoln & Janice Leffingwell, beneficiaries)
- Staci L. Kolb, Esq. & Karen A. Pelczarski, Esq., BLISH & CAVANAGH, 30 Exchange Terrace, Providence, RI 02903-1765 (counsel for Judith A. Lawton and David Gilmore, beneficiaries)
- Richard C. Tallo, Esq. & Thomas W. Pearlman, Esq., 750 East Avenue, P.O. Drawer 9007, Providence, RI 02940 (counsel for Roland W. Burt, Jr. & Raymond P. Cyr, Jr., beneficiary)

PROB-decedent's estates\Burt-Keipler\WPC-order (03-06)

Entered as an Order this _____ day of April, 2006.

PER ORDER: ENTER:

______________________ ______________________

Probate Clerk Stephen M. Isherwood, Probate Judge

**STIPULATION:**

*Agreed to in form and substance, the parties stipulating further that facsimile signatures hereon shall be accepted as original and that a certified copy of this Consent Order after entry shall have the same force and effect as a duplicate original.*

Beverly Kiepler & Janis B. Fisher
By Their Attorneys,

______________________
Mark A. Sjoberg, Esquire (#2427)
Jennifer A. Niedzinski, Esquire (#6842)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 Fax

BANK OF AMERICA, N.A.
By Their Attorneys, 4/4/06

______________________
Steven E. Snow, Esq. (#1774)
Carolyn P. Medina, Esq. (#7109)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 Fax

Joan Grant, Joyce Hendricks,
Carol Lincoln & Janice Leffingwell
By Their Attorneys,

______________________
Joseph A. Keough, Jr., Esq. (#4925)
KEOUGH & SWEENEY
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600
(401) 724-9909 Fax

Judith A. Lawton & David Gilmore
By Their Attorneys,

______________________
Staci L. Kolb, Esq. (#5451)
Karen A. Pelczarski, Esq. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903-1765
(401) 831-8900
(401) 751-7542 Fax

Entered as an Order this _____ day of April, 2006.

PER ORDER: ENTER:

Probate Clerk

Stephen M. Isherwood, Probate Judge

STIPULATION:

*Agreed to in form and substance, the parties stipulating further that facsimile signatures hereon shall be accepted as original and that a certified copy of this Consent Order after entry shall have the same force and effect as a duplicate original.*

Beverly Kiepler & Janis B. Fisher
By Their Attorneys,

Mark A. Sjoberg, Esquire (#2427)
Jennifer A. Niedzinski, Esquire (#6842)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 Fax

BANK OF AMERICA, N.A.
By Their Attorneys,

Steven E. Snow, Esq. (#1774)
Carolyn P. Medina, Esq. (#7109)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 Fax

Joan Grant, Joyce Hendricks,
Carol Lincoln & Janice Leffingwell
By Their Attorneys,

Joseph A. Keough, Jr., Esq. (#4925)
KEOUGH & SWEENEY
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600
(401) 724-9909 Fax

Judith A. Lawton & David Gilmore
By Their Attorneys,

Staci L. Kolb, Esq. (#5451)
Karen A. Pelczarski, Esq. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903-1765
(401) 831-8900
(401) 751-7542 Fax

Entered as an Order this _____ day of April, 2006.

PER ORDER: ENTER:

Probate Clerk

Stephen M. Isherwood, Probate Judge

**STIPULATION:**

*Agreed to in form and substance, the parties stipulating further that facsimile signatures hereon shall be accepted as original and that a certified copy of this Consent Order after entry shall have the same force and effect as a duplicate original.*

Beverly Kiepler & Janis B. Fisher
By Their Attorneys,

Mark A. Sjoberg, Esquire (#2427)
Jennifer A. Niedzinski, Esquire (#6842)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 Fax

BANK OF AMERICA, N.A.
By Their Attorneys,

Steven E. Snow, Esq. (#1774)
Carolyn P. Medina, Esq. (#7109)
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 Fax

Joan Grant, Joyce Hendricks,
Carol Lincoln & Janice Leffingwell
By Their Attorneys,

Joseph A. Keough, Jr., Esq. (#4925)
KEOUGH & SWEENEY
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600
(401) 724-9909 Fax

Judith A. Lawton & David Gilmore
By Their Attorneys,

Staci L. Kolb
Karen A. Pelczarski (SLK)

Staci L. Kolb, Esq. (#5451)
Karen A. Pelczarski, Esq. (#3357)
BLISH & CAVANAGH
30 Exchange Terrace
Providence, RI 02903-1765
(401) 831-8900
(401) 751-7542 Fax

Roland W. Burt, Jr. &
Raymond P. Cyr, Jr.
By Their Attorneys,

3/31/06

Thomas W. Pearlman, Esq. (#0825)
Richard C. Tallo, Esq. (#0504)
P.O. Drawer 9007
Providence, RI 02940
(401) 726-1010
(401) 726-3406 Fax

## CERTIFICATION

I HEREBY CERTIFY that I mailed a copy of the within order by regular mail, postage prepaid, on March ____, 2006 to:

- Fred L. Mason, Jr., Esq. MASON ASSOCIATES, P.C., 20 Cedar Swamp Road, Smithfield, RI 02917 (co-counsel for Robert B. Gates)
- Robert E. Kiely, Esq., REGAN & KIELY LLP, 85 Devonshire Street, Boston, MA 02109 (co-counsel for Robert B. Gates)
- Steven E. Snow, Esq. & Carolyn P. Medina, Esq., PARTRIDGE, SNOW & HAHN, 180 South Main Street, Providence, RI 02903-7120 (counsel for BOA)
- Joseph A. Keough, Jr., Esq., KEOUGH & SWEENEY, 100 Armistice Boulevard, Pawtucket, RI 02860 (counsel for Joan Grant, Joyce Hendricks, Carol Lincoln & Janice Leffingwell, beneficiaries)
- Staci L. Kolb, Esq. & Karen A. Pelczarski, Esq., BLISH & CAVANAGH, 30 Exchange Terrace, Providence, RI 02903-1765 (counsel for Judith A. Lawton, beneficiary)
- Richard C. Tallo, Esq. & Thomas W. Pearlman, Esq., 750 East Avenue, P.O. Drawer 9007, Providence, RI 02940 (counsel for Roland W. Burt, Jr. & Raymond P. Cyr, Jr., beneficiary)
- David Gilmore, 115 Iroquois Drive, Warwick, RI 02888 (successor in interest to June Gilmore, deceased beneficiary)
- Janis B. Fisher, 39 Observatory Road, Warwick, RI 02888 (beneficiary)

______________________________

PROB-decedent's estates\Burt-Keipler\WPC-order (03-06)

SJOBERG & VOTTA LAW OFFICES
Received 4/3/, 2006

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BANK OF AMERICA, N.A. JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER,

Plaintiffs

v. C.A. No. 06-394-S-LDA

ROLAND W. BURT, JR.,

Defendant

**JUDGMENT**

Consistent with the Report and Recommendation of the United States Magistrate Judge Lincoln D. Almond, rendered on March 14, 2007, and adopted by United Stated District Court Judge William E. Smith on March 30, 2007, and in accordance with the provisions of Rule 58 of the Federal Rules of Civil Procedure, judgment shall enter forthwith as follows:

> In favor of plaintiffs and against defendant declaring that the April 6, 2006 Consent Order is valid, binding and enforceable as to Defendant and enjoining Defendant from taking any action contrary to the terms of the Consent Order.

ENTER:

WESmith

Smith, J.

PER ORDER:

Karen Baldwell

Clerk

Dated: April 4, 2007

# EXHIBIT C

STATE OF RHODE ISLAND
KENT, SC.

KENT SUPERIOR COURT
FILED
07 APR 17 AM:10: 31
DAVID E. PERRY, CLERK

SUPERIOR COURT

ROLAND W. BURT, JR.

Vs. C.A. No. KP-2006-0406

ROBERT GATES and BANK OF AMERICA
AS EXECUTORS OF THE ESTATE OF
MAGDA BURT

**ORDER**

This matter came for hearing on April 17, 2007 before Justice O. Rogeriee Thompson on pending motions to dismiss following notice of judgment from the United States District Court for the District of Rhode Island entered April 4, 2007 in C.A. No.06-394-S-LDA, and in consideration thereof, after hearing thereon, it is hereby:

**ORDERED ADJUDGED and DECREED:**

1. The Court finds that:

   a. the within probate appeal was brought by the appellant, Roland W. Burt, Jr., from the Consent Order of the Warwick Probate Court ("probate court") entered April 6, 2006 ("Order") in the Estate of Magda Burt ("Decedent"), Estate No. 87-310;

   b. the residuary beneficiaries under Decedent's Will were granted intervention as party appellees in this probate appeal on June 12, 2006;

   c. the appellees joined in a motion to dismiss this probate appeal which was heard, in part, on July 10, 2006 and continued *nisi* as appellees sought declaratory judgment and enforcement of said Order in the United States District Court for the District of Rhode Island ("U.S. District Court");

   d. certain representatives of the appellees, *to wit.*, Bank of America, N.A., Judith A. Lawton, Janice Leffingwell, Joan Grant and John Kiepler, as executor of the estate of Beverly Kiepler, brought such a civil action in the U.S. District Court vs. Roland W. Burt, Jr. as C.A. No. 06-394-S-LDA;

   e. Decision was rendered by Magistrate Judge Lincoln Almond and adopted by Judge William Smith on the parties' cross motions for summary judgment which was appended as Exhibit B to the U.S. District Court Notice of Judgment filed with this Court; and

   f. Judgment was entered in said declaratory judgment action on April 4, 2007 which was appended as Exhibit C to said U.S. District Court Notice of Judgment.

True Copy Attest
[signature], Clerk
Superior Court

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

RECEIVED
APR 18 2007

2. The Court rules that said U.S. District Court Judgment is dispositive of the issues raised in the within probate appeal and hereby dismisses the appeal as a matter of law, affirms the underlying Order of the probate court entered April 6, 2006, and remands the matter to the probate court for further proceedings consistent with said judgment.

3. The Court defers ruling on the appellees' request for fees and costs until a return day to be set by the Court by which date counsel will submit any fee and cost motions for the Court's consideration and appellant will show cause why the same should not be charged to be paid by him personally or assessed against his interest in Decedent's estate.

Entered as an Order of this court on April 17, 2007.

PER ORDER:

Kristal St. Jacques
Deputy Clerk

ENTER:

O. Rogeriee Thompson
Thompson 4-17-07
O. Rogeriee Thompson, Justice

Respectfully submitted,

Mark A. Sjoberg, Esq. (#2427)
Jennifer A. Niedzinski, Esq. (#6842)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886 (401) 737-9696

## CERTIFICATION

I hereby certify that on April 17, 2007, I mailed a copy of the within document by first-class mail, postage prepaid, to:

- Thomas W. Pearlman, Esq. and Richard C. Tallo, Esq., P.O. Drawer 9007, Providence, RI 02940 (counsel for Raymond P. Cyr, Jr.)
- Steven E. Snow, Esq. and Carolyn P. Medina, Esq., PARTRIDGE, SNOW & HAHN, LLP, 180 South Main Street, Providence, RI 02903 (counsel for appellee, Bank of America, N.A.)
- Fred L. Mason,. Jr., Esq., MASON ASSOCIATES, P.C., 20 Cedar Swamp Road, Smithfield, RI 029817 (co-counsel for appellee, Robert B. Gates)
- Robert E. Kiely, Esq., REGAN & KIELY, 88 Black Falcon Avenue, Suite 330, Boston, MA 02210 (co-counsel for Robert B. Gates)
- Joseph A. Keough, Jr., Esq., KEOUGH & SWEENEY, 100 Armistice Boulevard, Pawtucket, RI 02860 (counsel for Joan Grant, Joyce Hendricks, Carol Lincoln & Janice Leffingwell, beneficiaries)

Offices of Clerk of Superior Court
County of Kent
Warwick, Rhode Island
, Clerk

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

- Karen A. Pelczarski, Esq. and Staci L. Kolb, Esq., BLISH & CAVANAGH, 30 Exchange Terrace, Providence, RI 02903-1765 (counsel for Judith A. Lawton and David Gilmore, beneficiaries)
- Roland W. Burt, Jr., 24 Lester Street, Rumford, RI 02916 (*pro se*)

F:\MM\SHARED\PROB-decedent's estates\Burt-Kiepler\KCSC(06-0406)-order041707.wpd

True Copy Attest
, Clerk
Office of Clerk of Superior Court
County of Kent
Warwick, Rhode Island

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

# EXHIBIT D

STATE OF RHODE ISLAND
COUNTY OF KENT

PROBATE COURT OF THE
CITY OF WARWICK

RE: ESTATE OF MAGDA L. BURT

NO. 87-310

ORDER

The Petition of the Co-Executors of the Estate of Magda L. Burt for an order of distribution of 2,256 shares of the Class A Non-Voting Common shares of Nyman Manufacturing Company came on for hearing on October 19, 1995 before Judge Mary E. McCaffrey and after hearing thereon it is ordered, adjudged and decreed as follows:

1. That Rhode Island Hospital Trust National Bank and Robert B. Gates, Co-Executors of the Estate of Magda L. Burt, are instructed to sell the 2,256 shares of the Class A Non-Voting Common shares of Nyman Manufacturing Company owned by the Estate to Nyman Manufacturing Company pursuant to their offer to purchase for the sum of Three Hundred Twenty-Seven Thousand Nine Hundred Thirty-Two and 00/100 Dollars ($327,932.00).

2. That said Co-Executors, from said proceeds, shall distribute to each residual beneficiary of said Estate the sum of Five Thousand Dollars ($5,000.00).

3. That the balance of the said sale proceeds not reduced by any fiduciary fees shall be deposited into the Registry of the Probate Court of the City of Warwick.

4. That said deposited fund shall not be withdrawn from the Registry of the Court except upon order of this Court entered after a duly notified hearing;

5. That said deposited fund, upon written order of this Court, may be withdrawn from the Registry for the purpose of depositing the same in the name of the Court in a higher yielding account of an FDIC insured bank or institution in the State of Rhode Island, subject to the provision, however, that no portion of said deposited fund may be withdrawn without an order of this Court.

By Order,

Marie T. Benett
J.

ENTER:

NOV 2 1995