UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, et al. | : | |
| v. | : | C.A. No. 07-239S |
| BANK OF AMERICA CORP., as Co-executor of the Estate of Magda Burt | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court are Plaintiffs' Motion to Add/Remove Parties (Document No. 6) and Defendant's Motion to Dismiss Complaint. (Document No. 3). These Motions have been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. A hearing was held on October 29, 2007. After reviewing the submissions of the parties and listening to the arguments of counsel, I recommend that Plaintiffs' Motion to Add/Remove Parties be GRANTED and Defendant's Motion to Dismiss be GRANTED in part and DENIED in part.

**Background**

This case arises out of the Estate of Magda L. Burt who passed away in 1987. The Estate has been the subject of countless legal skirmishes in this Court, Rhode Island Superior Court and Warwick Probate Court. See, e.g., Lawton v. Bank of America, C.A. No. 05-503S (served on November 2, 2005 and removed to this Court from Kent County Superior Court on December 2, 2005). Nearly twenty years after Magda Burt's death, the ongoing dispute about her Estate is very much alive.

In their Complaint, Plaintiffs assert that this is a "civil action against defendant, Bank of America Corp. ("BOA"), as a co-executor of [Magda Burt's] Will on its bonds under the authority of the Probate Court of the City of Warwick...pursuant to a consent order entered April 6, 2006." (Document No. 1 at ¶ 1). The Consent Order was entered as an Order of the Warwick Probate Court by Probate Judge Stephen M. Isherwood on April 6, 2006. The Consent Order was declared "valid, binding and enforceable" by Final Judgment of this Court entered on April 4, 2007. See Document No. 23 in Bank of America, N.A., et al. v. Roland W. Burt, Jr., C.A. No. 06-394S. The Consent Order authorizes the residuary beneficiaries under Magda Burt's will "[t]o sue on BOA's bonds to th[e] [Probate] Court as Executor in a single civil action in the United States District Court for the District of Rhode Island, whether by amendment of a pending action or initiation of a new action at the Beneficiaries' discretion," subject to certain terms and conditions. (Document No. 1, Ex. A). These terms include no admission of liability on the bonds or breach of fiduciary duty, reservation of claims and defenses of all parties and a stay or dismissal without prejudice of all pending actions brought by individual beneficiaries. Id.

Plaintiffs assert three counts in their Complaint. Count I is a "suit on bond" and alleges that BOA "breached the conditions of its bond and its fiduciary duties to the Probate Court, the Decedent and the residuary beneficiaries of Decedent's Estate." (Document No. 1, ¶ 58). Count II alleges that BOA has "breached and continues to breach its fiduciary duties to the Probate Court, the Decedent and the residuary beneficiaries...." Id., ¶ 63. Finally, Count III alleges that BOA has "neglected and continues to neglect its trust and has failed and continues to fail to administer Decedent's Estate faithfully, competently, carefully, thoroughly and in the exercise of due care." Id., ¶ 68.

## Standard of Review

In ruling on a motion to dismiss pursuant to Rule 12(b), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co. Ltd, 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied. See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995). The Court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996); accord Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Arruda, 310 F.3d at 18 ("[W]e will affirm a Rule 12(b)(6) dismissal only if 'the factual averments do not justify recovery on some theory adumbrated in the complaint.'").

## Discussion

### 1. Motion to Add/Remove Parties

BOA moves to dismiss, in part, because it claims Plaintiffs sued the wrong Defendant. The only Defendant named in Plaintiffs' Complaint is Bank of America Corp., as Co-executor of the Estate of Magda Burt. BOA asserts that Bank of America Corp. is a holding company for Bank of America, N.A., and that Bank of America, N.A., not Bank of America Corp., is successor to Rhode Island Hospital Trust National Bank, an original Co-executor of the Estate of Magda Burt. Further,

the April 6, 2006 Consent Order entered by the Warwick Probate Court identifies Bank of America, N.A. as a Successor Executor.

Plaintiffs do not directly contest BOA's position. Rather, Plaintiffs move, pursuant to Fed. R. Civ. P. 21, to remove Bank of America Corp. as a party to this action and to add Bank of America, N.A. as the proper party Defendant. BOA did not file an objection to Plaintiffs' Motion (LR Cv 7(b)(1)), and thus I recommend that Plaintiffs' Motion to Add/Remove Parties (Document No. 6) be GRANTED absent opposition and that BOA's Motion to Dismiss because Plaintiffs sued the wrong defendant be DENIED.

**2. Scope of Claim**

Plaintiffs' Complaint contains three counts – Count I, Suit on Bond; Count II, Breach of Fiduciary Duty; and Count III, Negligence. BOA moves to dismiss Counts II and III because the Consent Order did not authorize such claims. BOA argues that the Consent Order authorized only a single action on the bond (Count I) and that "[i]n the course of litigating this single claim, it is expected that [BOA's] actions as Executor will be carefully examined and if [BOA] breached any fiduciary duty even if only through a failure to meet the applicable duty of care, [BOA] acknowledges that such a breach may be recoverable on the Executor's bond." (Document No. 9 at 2).

Pursuant to R.I. Gen. Laws § 33-17-1, BOA's predecessor as Co-executor executed a $2,500,000.00 bond in Probate Court on October 8, 1987 and a subsequent $1,767,000.00 bond on June 15, 1988. (Document No. 5, Ex. L). The bonds provide that the executor "shall faithfully perform its duties according to law as such fiduciary...." Id. R.I. Gen. Laws § 33-17-2 provides that such language in an executor's bond has the "same force, meaning, and effect as a full recitation of

the conditions imposed by the provisions of § 33-17-1 would have, if incorporated in the bond in full."

In its Reply, BOA clarifies that it is not arguing that "a breach of fiduciary duty by an executor, whether intentional or 'neglectful,' is not recoverable on an Executor's bond." (Document No. 9 at 2). Rather, BOA contends that the Consent Order provides for litigation of these issues in a single action on the bond. BOA acknowledges that an independent claim for breach of fiduciary duty and such a claim on an executor's bond requires "proof of the same standard" and application of the "same law." Id. However, it argues that there is a substantive distinction between the two claims and that the beneficiaries agreed in the Consent Order to pursue a collective action on the bond and to "stay or dismiss (without prejudice)" all pending individual actions. Id. In particular, BOA contends that only an action on the bond "will bind all the beneficiaries." Id.

At the hearing, Plaintiffs' counsel [1] said he had no "quarrel" with consolidating all of Plaintiffs' claims into one action on the bond. He stated "our view is that we can bring the claims, can submit evidence, on negligence, misfeasance, malfeasance, breach of fiduciary duty and the like, all in the context of an action on their bond. In other words, action on their duty of faithful performance."

Based upon my review of the Complaint, pleadings and statements made at oral argument, I conclude that the parties are effectively in agreement on this point. As noted above, BOA agrees that a breach of fiduciary duty, whether intentional or neglectful, i.e., negligent, is recoverable on an executor's bond; and Plaintiffs intent is to plead a broad and encompassing suit on BOA's

1 Plaintiffs responded to BOA's Motion in a consolidated objection joined by all attorneys of record for Plaintiffs. At the hearing, only one attorney, Mr. Sjoberg, argued for Plaintiffs, and all of the other attorneys present declined the opportunity to present additional argument. Also, none of those attorneys disputed any of the arguments made by Mr. Sjoberg, and thus I conclude that they joined his arguments.

"faithful performance" bonds as contemplated by R.I. Gen. Laws § 33-17-1, et seq. Thus, I recommend that BOA's Motion to Dismiss Counts II and III of Plaintiffs' Complaint be GRANTED and that such dismissal be without prejudice.

**3. Statute of Limitations**

The probate asset at the center of this dispute is 2,256 shares of Class A non-voting stock in Nyman Manufacturing Company ("Nyman"), a closely held, family-owned corporation. These shares were "controlled" by the Magda Burt Estate following Ms. Burt's death in 1987. See Lawton v. Nyman, 327 F.3d 30, 32 (1st Cir. 2003). Plaintiffs in this case include nine of the ten residuary beneficiaries of the Magda Burt Estate. The crux of the dispute is the circumstances of the sale of those shares to Nyman on or about November 6, 1995 at the price of $145.36 per share (total price of $327,932.00). (Document No. 1, ¶¶ 43, 45 and Ex. D). On or about September 29, 1997, Nyman's Principals sold all of Nyman's Class A non-voting stock to a competitor, Van Leer Corporation, at the price of $1,667.38 per share. (Id. at ¶ 48). Thus, the 2,256 shares purchased from the Magda Burt Estate for $327,932.00 were sold less than two years later for $3,761.609.20. Id.

BOA contends that Plaintiffs' claim under Count I accrued on November 6, 1995 when the stock in dispute was sold by the Estate to Nyman. Further, it argues that Count I is time barred because it was filed on June 28, 2007 – more than ten (10) years after the sale of the stock in question. See R.I. Gen. Laws § 9-1-13(a) ("Except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after."). Plaintiffs agree that the ten-year "catch all" limitations period applies since "[n]o Rhode Island statute specifies the limitation period of an action against a personal representative's bond."

(Document No. 5 at 13). However, they argue that the limitations period starts to run only when there has been a "final judicial ascertainment" of the executor's liability to the beneficiary, e.g., upon the probate court's allowance of the final accounting and order of distribution. Id. at 9. In this unusual case, Plaintiffs proffer that their cause of action "accrued" on April 6, 2006 when the Probate Court entered the Consent Order authorizing suit on the bond. Plaintiffs contend that this was the first "judicial ascertainment of liability" since the Co-executors have yet to file a final accounting. Id. at 13.

Before I reach the substance of BOA's legal argument, there is a practical question which is puzzling. If BOA is correct, what was the purpose of the Consent Order? In defending an appeal of the Consent Order, BOA described it as "embod[ying] the agreement of [BOA] and all beneficiaries of the Estate to join in a single action, to be brought in federal court, to adjudicate all issues necessary for resolution of the numerous claims brought separately by individual beneficiaries, or small groups of them." (Document No. 5, Ex. H, at 2). Further, BOA joined in filing a declaratory judgment action in this Court to enforce the Consent Order which alleged that BOA "wished to avoid having to defend the many lawsuits and sought to have just one action that would bind all of the Beneficiaries...preserv[ing] all rights and defenses it might be able to assert in any of the individual actions." (See Document No. 1, ¶ 11 in C.A. No. 06-394S).

Now that BOA has obtained what it bargained for in the Consent Order – a single action on the bond in this forum – it argues that the action is time-barred. Since the Consent Order was entered on April 6, 2006, BOA's position is that the parties (BOA and ten beneficiaries represented by several lawyers) negotiated, drafted and stipulated to a meaningless Consent Order. That meaningless Consent Order was then entered by the Warwick Probate Court and later was the

subject of a meaningless declaratory judgment action in this Court joined by BOA. If BOA is correct, the Consent Order is meaningless for two reasons. First, the Consent Order was entered on April 6, 2006 which is more than ten (10) years after BOA alleges that a claim on the bond accrued. Thus, the parties bargained for the initiation of a time-barred suit on the bond. Second, the Consent Order includes a broad reservation of claims and defenses and an agreement to stay or dismiss without prejudice pending individual actions. If BOA prevails, the beneficiaries would presumably seek to revive those various actions, and the parties would be back to square one.

As to the substance of BOA's statute of limitations argument, both sides agree that no Rhode Island court decision or statute specifies the limitation period of an action against an executor's bond. Both sides also agree that the ten-year "catch all" statute of limitations applies to this case. See R.I. Gen. Laws § 9-1-13(a). They disagree as to when a cause of action "accrues" on an executor's bond which starts the running of the limitations period. See Document No. 9 at 4 (BOA identifies this issue as one of "first impression in Rhode Island.").

Upon thorough review of the pleadings, I conclude that Plaintiffs' argument is more persuasive, supported and logical than BOA's argument on this point, and thus I recommend that BOA's Motion to Dismiss Count I as time-barred be DENIED. Plaintiffs accurately state that "[b]y the weight of authority the statute of limitations ordinarily begins to run against an action on the bond of [an executor] from the date on which occurs a final judicial ascertainment of the liability of the representative." W.J. Dunn, When Statute of Limitations Begins to Run Against Action on Bond of Personal Representative, 44 A.L.R.2d 807, § 1(b); see also Alexander v. Bryan, 110 U.S. 414 (1884) (statute of limitations for action on bond began to run on decree ordering payment by executor), In re Estate of Green, 816 A.2d 14 (D.C. 2003) (claim on executor's bond accrues when

final account of estate is filed and approved by Probate Court), and State of Tenn. ex rel. Townes v. Townes, No. 88-124II, 1988 WL 95268 at *3 (Tenn. Ct. App. Sept. 16, 1988) ("[s]o long as the estate is being administered the statute of limitations does not begin to run against the surety on the administrator's bond.").

BOA does not dispute the existence of this authority. Rather, it argues that this authority should not be applied because the beneficiaries could have sued on the bond at any time pursuant to R.I. Gen. Laws § 33-17-25. While BOA may be correct that this is a "unique" aspect of Rhode Island probate law, it is not a controlling distinction in this case.

BOA's bonds have not yet been discharged by the Probate Court, and thus it remains liable on the bonds. It has not filed a final accounting and sought the discharge of its bonds. Further, the Consent Order authorizing Plaintiffs' claim on the bond provides that "[t]he Executor's [i.e., BOA's] inventories and accountings shall be held nisi without finding and neither co-executor shall be discharged upon their bonds to the [Probate] Court at this time." Document No. 5, Ex. A at ¶ 2. An executor is charged with faithful performance of its duties in administering an estate from the inventory to the final accounting. R.I. Gen. Laws § 33-17-1(1).

If BOA's position were to be adopted, a cause of action on the bond would accrue, and the limitations period would commence each time the executor took, or failed to take, an action which was claimed to be a breach of fiduciary duty. The administration of an estate necessarily involves many separate transactions, acts and omissions which could impose liability on the executor and, if applicable, the surety. As noted above, the bonds in question are general and broad "faithful performance" bonds which have not been discharged. BOA's proposed approach is impractical, as it would result in a multitude of potential accrual dates. It would also create a false sense of security

in the executor's bond for beneficiaries who, in lengthy cases like this one, may have cause of actions extinguished before final accounting and discharge of the bond.

Further, this approach may incent an executor to delay the administration of an estate in the hopes that the passage of time may create a time-bar and shield challengeable acts or omissions from scrutiny. The reason this issue is one of first impression in Rhode Island is that most estates are accounted for and dispersed well within ten years from the decedent's date of death. This case does not fit the mold. Magda Burt passed away over twenty years ago, and the executor's bonds in question were executed over twenty years ago. The disputed stock was sold by the Estate over twelve years ago, and the Estate has since been bogged down in disputes among the beneficiaries and various litigations. In an effort to bring some order to this mess, the parties agreed to the Consent Order whereby the Probate Court authorized Count I and agreed to hold the inventories and accounting "nisi without finding" and without discharging the executor's bonds while a suit on the bonds was pursued. Document No. 5, Ex. A at ¶ 2. If the Probate Court had instead issued a final decree on the accounting, that decree would likely have been the subject of an appeal de novo to Superior Court. See R.I. Gen. Laws § 33-23-1 (twenty-day appeal period). Such an appeal would have only further delayed and complicated this dispute.

Accordingly, BOA's assertion that Plaintiffs' cause of action on the bond (Count I) accrued on November 6, 1995 when the Magda Burt shares in Nyman were sold by the Estate is rejected. Under the unique facts of this case, Plaintiffs' cause of action on the executor's bonds accrued on April 6, 2006 when the Probate Court entered the Consent Order authorizing this action and agreeing to hold the inventories and accountings "nisi without finding." Thus, Count I is not time-barred, and I recommend that BOA's Motion to Dismiss Count I be DENIED.

**Conclusion**

For the reasons discussed above, I recommend that the Court GRANT Plaintiffs' Motion to Add/Remove Parties (Document No. 6), DENY Defendant's Motion to Dismiss Count I of the Complaint and GRANT it as to Counts II and III without prejudice. (Document No. 3). I further recommend that Plaintiffs be ORDERED to promptly file an Amended Complaint which states, consistent with this Report and Recommendation, a single suit on the executor's bonds against Bank of America, N.A., as Co-executor of the Estate of Magda Burt.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 13, 2007