**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as Executor of the Estate of Beverly Kiepler, JANICE FISHER, DAVID GILMORE and RAYMOND CYR,

Plaintiffs,

C.A. No. 07-239-S

v.

BANK OF AMERICA CORP., as Co-Executor of the Estate of Magda Burt,

Defendant.

**MEMORANDUM IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant Bank of America Corp. (the "Bank"), through counsel, submits the following partial objection to the Report and Recommendation by Magistrate Judge Almond dated November 13, 2007. The Bank objects to the portion of the Magistrate Judge's report and recommendation which erroneously concluded that this action is not time barred because it did not accrue for purposes of the Rhode Island Statute of Limitations until April 6, 2005.

**FACTS AND TRAVEL**

On April 6, 2006, a Consent Order agreed to by all ten beneficiaries of the Estate of Magda Burt (the "Beneficiaries") and Bank of America, N.A. (the "Bank"), successor in interest to Rhode Island Hospital Trust was entered in the Probate Court for the City of Warwick, Rhode Island. This Consent Order was negotiated between the Bank and counsel for the Beneficiaries of the Estate of Magda Burt (the "Estate"). The Consent Order authorized the Beneficiaries to "sue on [the Bank's] bonds to [the Warwick Probate] Court as Executor in a

single action in the United States District Court for the District of Rhode Island." (Complaint, Exhibit A). This Consent Order also provided that "by assenting to this Order, [the Bank] makes no admission of liability or breach of fiduciary duty or bond obligation as Executor and reserves all its claims and defenses in said capacity . . . ." Id.

On or about July 12, 2007, the Probate Court of the City of Warwick, by and through Judith A. Lawton, Judith Grant, Carol Lincoln, Janice Leffingwell, Joyce Hendricks, John Kiepler, as Executor of the Estate of Beverly Kiepler, Janice Fisher, David Gilmore and Raymond Cyr (collectively, "Plaintiff") filed a three-count Complaint containing claims for: (1) an action on the bond posted in the Probate Court for the City of Warwick by Rhode Island Hospital Trust National Bank, to which Bank of America, N.A. is successor in interest; (2) alleged breach of fiduciary duty; and (3) negligence, all relating to the sale of certain close corporation stock held by the Estate. The sale of the stock was completed November 6, 1995.

## I. Standard Of Review.

The Magistrate Judge's recommendation that the Plaintiffs' claims against the Bank are not time barred is subject to de novo review by the District Court. *CVS Corporation v. Taubman Centers, Inc.*, 225 F. Supp. 2d 120, 123 (D.R.I. 2002); *see also Unicomp, Inc. v. Harcros Pigments, Inc.*, 994 F. Supp. 24, 25 (D. Me. 1998); *CFMT, Inc. v. Steag Microtech, Inc.*, 965 F. Supp. 561, 562 (D. Del. 1997); *Food Lion, Inc. v. Capital Cities/ABC*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). In conducting a de novo review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Office of the Child Advocate v. Lindgren*, 296 F. Supp. 2d 178, 183 (D.R.I. 2004). The District Court must itself weigh the evidence presented to the Magistrate Judge. "Merely relying on the magistrate judge's report and recommendation is impermissible; the district court must

independently review and evaluate the evidence that the magistrate judge received." *CVS Corporation v. Taubman Centers, Inc.*, 225 F. Supp. 2d at 123.

In deciding whether to grant a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must treat the allegations in the complaint as true and determine whether the complaint states any valid claim for relief. *Hart v. Mazur*, 903 F. Supp. 277, 278-279 (D.R.I. 1995). This tolerance does not extend to legal conclusions, bald assertions, or conclusory or generalized allegations. *Resolution Trust Co. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993); *Lee v. Life Insurance Co. of North America*, 829 F. Supp. 529, 533 (D.R.I. 1993), aff'd 23 F.3d 14 (1st Cir. 1994). Moreover, the Court may look to documents beyond the complaint in deciding a motion to dismiss without converting the motion to one for summary judgment, if the authenticity of the documents is not disputed, the documents are public records, the documents are central to plaintiff's claims, or the documents are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

## II. <u>Argument</u>.

### A. The Suit On The Bond Is Barred By The Statute Of Limitations Because The Beneficiaries Could Have Brought Suit On The Executor's Bond At Any Time After The Sale Of The Stock And Were Therefore Obligated To Do So Within The Applicable Statute Of Limitations Period.

Unlike many other state jurisdictions, the statute of limitations in Rhode Island begins to run when a cause of action accrues. *See Schock v. United States*, 56 F.Supp.2d 185, 190 (D.R.I. 1999). Pursuant to R.I. Gen. Laws § 33-17-25, a suit on an Executor's Bond may be brought at any time by any party interested in an estate. Section 33-17-25 states:

> **Suit for benefit of all interested in estate.** – A suit may also be brought on a bond for the benefit of all concerned in the estate at the instance of any party interested, who shall give surety for costs to the defendant on the writ, and satisfactory bond to the probate court securing the court against expenses and costs; in which case,

> indorsement that the suit is brought for the benefit of all interested in the estate shall be made upon the writ.

This provision is unique to Rhode Island and gives beneficiaries a cause of action whenever they feel aggrieved by the actions of an executor. The statute notably does not require that the executor be removed, or that the executor file a final account, or that an estate be finally closed. In Rhode Island, unlike other jurisdictions, suit may be brought at any time. If a claim has accrued such that it may be brought, then the statute of limitations must start to run. *See Martin v. Howard,* 784 A.2d 291, 299 (R.I. 2001) ("Generally a cause of action accrues and the applicable statute of limitations begins to run at the time of the injury to the aggrieved party."). To hold otherwise would be contrary to the very purposes of statutes of limitation, which exist to "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Id.*

The issue of when a cause of action accrues on an executor's bond is an issue of first impression in Rhode Island. Because probate law is unique to each state, case law from other states is only persuasive to the extent that their probate statute provides, as Rhode Island's does, the right for an interested party to bring suit on an executor's bond at any time even while the estate is still open and the executor is still in place. The states in the cases cited by Plaintiff do not have this unique provision.

Alabama (whose probate law was analyzed in *Alexander v. Bryan,* 110 U.S. 414 (1884) and *Fretwell v. McLemore,* 52 Ala. 124 (1875)) had a statute that specifically addressed when a cause of action on an executor's bond could be brought. It was a statute of limitation, which also defined the time of accrual. It stated:

> actions against the sureties of executors for any misfeasance or malfeasance of their principal must be brought within six years after the cause of action has accrued, and not afterwards, the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety.

*Alexander*, 110 U.S. 414, 416 (1884).

In *Fretwell*, the Supreme Court of Alabama explained that an executor's failure to perform the duties required for the administration of an estate:

> often furnish cause for removal of the [executor] and the revocation of his authority. Of themselves they do not create a cause of action against, or fix the liability of the surety. Before any cause of action arises against the surety at law, and before the liability is fixed at law or in equity, there must be a judicial ascertainment of the default of the [executor].

*Fretwell*, 52 Ala. 124, 136 (1875).

Rhode Island does not have this requirement that the liability of the surety be fixed. In fact, interested parties are expressly authorized to sue on an executor's bond (on behalf of all interested parties) so long as surety is given to the defendant, and a bond is given to the Probate Court securing the court against expenses and costs. It is true that these conditions were not addressed because the parties proceeded under the Consent Order. But an executor's consent is not required for an interested party to sue on an executor's bond in Rhode Island. The beneficiaries did not need the Consent Order to sue on the bond. They could have, at their own discretion, sued on the bond at any time without the Bank's consent so long as they (or any one of them) provided the required sureties.

The Tennessee case, *Townes v. Townes* 1988 Tenn. App. LEXIS 565 (1988) offers no different interpretation, as it simply finds that the Tennessee statute is substantially similar to the Alabama statute considered by the Supreme Court in *Alexander v. Bryan*. *Townes,* 1988 Tenn. App. LEXIS 565, * 7-8.

The District of Columbia case, *In Re Estate of Green*, 816 A.2d 14 (2003) is somewhat different in that the District of Columbia lacked any statutory provision as to when a cause of action on an executor's bond accrued. *Id*. at 17. The general rule was that "accrual is determined on a case-by case basis." *Id*. But, "an action accrues and the statute of limitations begins to run when the suit could first be initiated." *Id*. After analyzing the statute describing the scope of the executor's duties, (and finding largely that it did not provide much guidance) the court held that a suit on the bond could first be brought after the closing of the estate because the bond continues to be in force until the closing of the estate. *Id*. at 20. This holding by the court in Green however, is inapposite to the situation here, where Rhode Island's statue expressly allows such claims to be brought while an estate is still open.

Because the case law from other jurisdictions does not address the situation in Rhode Island, where R.I. Gen. Laws § 33-17-25 expressly empowers interested parties to bring suit on an executor's bond while an estate is still open, it is not persuasive. The general statute of limitations period begins to run on actions brought on an executor's bond from the time that the action could first have been brought. In Rhode Island, this can be at any time during the administration of an estate.[1] In this case, all actions by the executors with respect to transaction at issue in this case (the sale of closely held corporation stock pursuant to order of the probate court) were complete by November 6, 1995. No objections were raised to the sale at that time. No suit was brought on the executor's bond. This suit was filed July 12, 2007, more than eleven (11) years after the actions at issue. It is therefore time barred.

[1] Neither the plaintiffs nor Magistrate Judge Almond dispute or question the fact that one or more of the beneficiaries could have sued on the bond at any time after the court-ordered sale of stock. That should be the end of the discussion, since the ability to sue is determinative of when the cause of action accrues.

### B. Equitable Estoppel Does Not Apply To Prevent The Bank's Assertion Of The Statute Of Limitations Defense Because The Bank Expressly Reserved All Rights And Defenses In The Consent Order.

The Plaintiffs argue that because the Bank did not bring suit against itself, agree to step down as executor or consent to be sued prior to the current Consent Order, that the Bank prevented the beneficiaries from instituting this action. This argument defies reason. R.I. Gen. Laws § 33-17-25 does not require that the suit on an executor's bond be brought by the executor, or with the executor's consent. The statute would, for all practical purposes, be rendered meaningless if such consent was required.

To the extent that Plaintiffs claim that the Bank should be equitably estopped from asserting a statute of limitations defense because they were unaware that the Bank meant to reserve the right to do so, such a claim must not be given any weight. The Bank did nothing to induce such ignorance in the Plaintiffs. In fact, the Bank made a point of expressly reserving all rights and defenses in the Consent Order. The Bank asserted a statute of limitations defense in *Lawton v. Bank of America Corp.*, C.A. 05-503S so the Plaintiffs had every reason to think that this would be a defense asserted by the Bank in any action filed thereafter.

Had the reservation of all defenses not been a term of the Consent Order, the Bank would never have agreed to it. The Bank indeed did seek to streamline the litigation of this matter, but disagrees with the Plaintiffs' assertion that if the Bank is successful on its motion to dismiss the suit on the bond, that each beneficiary will be free to resume litigation of their individual claims. Rather, an adjudication that this action, bargained for and agreed to by all parties, is time barred would be a determination on the merits that would end this litigation and would preclude the resurrection of any of the stayed cases. The effect of this case on other litigation, however, is not presently before this court.

Simply put, the Consent Order expressly reserved all rights and defenses available to all parties. The statute of limitations was a defense that had been asserted by the Bank prior to the execution of the Consent Order. In negotiating the Consent Order, the Plaintiffs never requested and the Bank never agreed to waive this defense. Any claim that the Bank should be equitably estopped from asserting this defense, because it refused to step down as executor, sue itself, or because it reserved the right to assert all defenses, including the statute of limitations is without merit.

### C. Judicial Estoppel Does Not Apply To Prevent The Bank's Assertion Of The Statute Of Limitations Defense As The Bank Expressly Reserved All Rights And Defenses In The Consent Order.

In agreeing to the Consent Order, the Bank did indeed seek to have all the various suits against it considered in one proceeding, but it only agreed to do so with the condition that all rights and defenses were preserved. The Bank had previously raised the statute of limitations defense and never represented to any court that it would waive that defense by consenting to the single action on the bond. The Bank has never disputed the validity of the Consent Order, and the Bank did and will continue to "aggressively defend" the validity of *all* of its terms.

Judicial estoppel applies to prevent a litigant "playing fast and loose with the courts, …from asserting a position inconsistent with a position he or she took in an earlier proceeding. *Schock v. United States*, 56 F.Supp2d 185, 192 (1999). Nothing that occurred in the Bank's defense of the Consent Order, in collaboration with the Plaintiffs, is inconsistent with the Bank's present assertion of the statute of limitations defense. The Consent Order clearly contains the reservation of all defenses. The Bank had previously asserted the same defense and never agreed to waive it. The Bank has never agreed to be sued in any forum without the opportunity to assert all defenses available to it. On this, it has been completely consistent, and for that reason, judicial estoppel does not apply.

**D. The Consent Order Is Not Meaningless.**

The Magistrate Judge erred in concluding that the Consent Order would be rendered meaningless if the Court were to rule that the action on the bond was time barred. By consolidating numerous disparate actions into a single action, the Consent Order brought order to a chaotic situation for all parties. Nevertheless, the Consent Order preserved all defenses – including the statute of limitations defense which had been separately raised in *Lawton v. Bank of America*, C.A. No. 05-0970, the only related action pending in the United States District Court. Moreover, a finding that the action on the bond is precluded by Plaintiffs' failure to bring an action within ten (10) years of the Court ordered sale of Nyman Manufacturing stock would have a preclusive effect on the plaintiffs. The judgment would prevent – under *res judicata* principles – any attempt by plaintiffs to revive the previous actions.

**III. Conclusion.**

For all of the reasons stated herein, Defendant, Bank of America Corp. respectfully requests that this court grant its Motion and dismiss all three counts of the Plaintiff's Complaint, including the suit on the Bank's bond with prejudice.

Respectfully submitted,

BANK OF AMERICA CORPORATION

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Carolyn P. Medina
Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200/(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

Date: November 27, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION was filed with the Clerk of the United States District Court for the District of Rhode Island this 27th day of November, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Joseph A. Keough, Jr., Esq./Keough & Sweeney, Ltd.
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
Thomas Pearlman, Esq.
James A. Currier, Esq.

/s/ Carolyn P. Medina

952159_1/4150-24