# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE PROBATE COURT OF THE CITY OF WARWICK, et al.,<br>Plaintiffs,<br>v.<br>BANK OF AMERICA, N.A.. as Co-Executor of the Estate of Magda Burt,<br>Defendant. | C.A. No. 07-239-S |

## DEFENDANT'S ANSWER TO PLAINTIFFS' SUBSTITUTED FIRST AMENDED COMPLAINT

Now comes Defendant, Bank of America, N.A. ("Bank of America" or "Defendant"), and hereby answers Plaintiffs' First Amended Complaint (the "Complaint") as follows:

1. Admitted.

2. Admitted.

## Parties

3. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

4. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

5. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

6. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

7. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

8. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

9. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

10. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

11. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and leaves Plaintiffs to their proof.

12. Admitted.

## Jurisdictional Venues

13. Paragraph 13 states a legal conclusion to which no response is required.

14. Paragraph 14 states a legal conclusion to which no response is required.

## Factual Allegations

15. Admitted.

16. Admitted.

17. Admitted.

18. Paragraph 18 states a legal conclusion to which no response is required, otherwise, denied.

19. Defendant admits that in or about 1997, Rhode Island Hospital Trust National Bank was acquired by BankBoston Corp. Admitted that on or about October 1, 1999 BankBoston Corp. merged with Fleet Financial Corp. of Massachusetts. Denied that the BankBoston Corp/Fleet Financial Group of Massachusetts merger created Fleet National Bank or

FleetBoston Financial Corp., though the existence of both Fleet National Bank and FleetBoston Financial Corp. is admitted. Admitted that in or about April 2004, FleetBoston Financial Corp merged into Bank of America Corp. Defendant Bank of America admits that it continues to be the sole executor of the Decedent's estate. The remaining allegations set forth in this paragraph are denied.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied.

25. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25. To the extent a further response is required, Defendant admits that it was aware that Nyman Co. had not been profitable, otherwise, denied.

26. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26. To the extent a further response is required, Defendant admits that it was informed that Nyman Co. had hired Keith Johnson, otherwise, denied.

27. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27, otherwise, denied.

28. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28, otherwise, denied.

29. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29, otherwise, denied.

30. Defendant admits that on or about August 4, 1995, Nyman Co. offered to purchase the Nyman Co. shares held by the Decedent's Estate for $145.36 per share. Defendant is without knowledge as to the remaining allegations in Paragraph 30, and to the extent a further answer is required, any remaining allegations are denied.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

35. Defendant denies the allegations in Paragraph 35, and the allegations in subparts (a), (b), (c), and (d) to Paragraph 35.

36. Defendant admits that the Co-Executors forwarded all information received from Nyman Co. to the residuary beneficiaries. The remaining allegations in Paragraph 35 are denied.

37. Defendant admits that it offered no opinion as to the reasonableness of the stock purchase offer, but, otherwise, the allegations in Paragraph 37 are denied.

38. Defendant admits that the offer was conditional, but otherwise Paragraph 38 states a legal conclusion for which no responsive pleading is required.

39. Defendant admits that the Co-Executors petitioned the Probate Court for permission to distribute the stock in kind. The remaining allegations in Paragraph 39 are denied.

40. Defendant admits that the Co-Executors petitioned the Probate Court for permission to distribute the stock in kind. Defendant denies the remaining allegations in Paragraph 40, including the allegations in subparts (a), (b), and (c) to Paragraph 40.

41. Denied.

42. Defendant admits that the Co-Executor's petition for in-kind distribution was heard on or about October 19, 1995. The remaining allegations in Paragraph 42 are denied.

43. Defendant admits that the Probate Court ordered the sale of the Nyman Co. stock held by the Decedent's Estate for $145.36 per share and that an order to that effect entered on November 2, 1995. The remaining allegations in Paragraph 43 are denied.

44. Defendant admits that it did not appeal the November 2, 1995 order of the Probate court. All remaining allegations contained in Paragraph 44 and subparts (a), (b), (c) and (d) are denied.

45. Defendant admits that court ordered the sale of the Nyman Co. stock was completed on or about November 6, 1995. The remaining allegations of Paragraph 45 are denied.

46. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 46 and to the extent a further answer is required, denied.

47. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 47 and to the extent a further answer is required, denied.

48. Defendant admits that it was informed that Nyman Co. was sold to Van Leer Corporation for $1,667.38 per Class A non-voting share and $2,167.59 per Class B voting share some two years after the court ordered sale. Defendant is without knowledge sufficient to determine the truth or falsity of the remaining allegations in Paragraph 48 and to the extent a further answer is required, denied.

49. Defendant is without knowledge sufficient to determine the truth or falsity of the allegations in Paragraph 49 and to the extent a further answer is required, denied.

50. Denied.

51. Denied.

52. Defendant denies the allegations of Paragraph 52 and denies the allegations contained in subparts (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (s), and (t) of Paragraph 52.

53. Denied.

54. Admitted.

55. Defendant denies the allegations of Paragraph 52 and denies the allegations contained in subparts (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), and (m) of Paragraph 55.

## COUNT I
## Suit on Bond

56. Defendant Bank of America repeats and realleges its answers to paragraphs 1 through 55 of its answer as if each were more fully set forth herein.

57. Paragraph 57 states legal propositions and conclusions, for which no response is necessary.

58. Paragraph 58 and subparts (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), and (k) of Paragraph 58 state legal propositions and conclusions for which no response is necessary.

59. Paragraph 59 states legal propositions and conclusions for which no response is necessary.

60. Denied.

61. Denied.

62. Admitted.

63. Denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. The Plaintiffs' Complaint is barred because Plaintiff has failed to join an indispensable party.

3. The Plaintiffs were authorized to bring any complaint against Nyman and its officers and directors that they allege the Co-Executors failed to pursue, and this complaint should be dismissed for failure to mitigate damages.

4. The Plaintiffs had standing to appeal from the Probate Court's Order mandating the sale of the Nyman stock and failed to do so. Plaintiff's Complaint is therefore barred by the Doctrine of Waiver.

5. Plaintiffs failed to appeal the decision of the Warwick Probate Court and the Plaintiff's Complaint is therefore barred by the Doctrine of Res Judicata.

6. Plaintiffs failed to appeal the decision of the Warwick Probate Court and the Plaintiff's Complaint is therefore barred by the Doctrine of Collateral Estoppel.

7. Plaintiffs' Complaint is barred by the Doctrine of Laches.

8. Plaintiffs' Complaint is barred by the Statute of Limitations.

9. Bank of America, NA pleads the defense of privilege and immunity since the Co-Executors were simply carrying out the lawful orders of the Warwick Probate Court.

WHEREFORE, Defendant Bank of America, NA respectfully requests that judgment be entered in its favor and against Plaintiffs and that the Complaint be dismissed with prejudice and Bank of America, NA be awarded fees and costs pursuant to R. I. Gen. Laws § 9-1-45 and such other and further relief as this Court deems meet and just.

BANK OF AMERICA, N.A.

By Its Attorneys,

PARTRIDGE, SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

DATED: February 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S ANSWER TO PLAINTIFFS' SUBSTITUTED FIRST AMENDED COMPLAINT was filed with the Clerk of the United States District Court for the District of Rhode Island this 15th day of February, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
kap@blishcavlaw.com

Staci L. Kolb, Esq./Blish & Cavanagh, LLP
slk@blishcavlaw.com

Joseph A. Keough, Jr., Esq./Keough & Sweeney, Ltd.
kkeoughjr@keoughsweeney.com

Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
mas@sjoberglaw.com

Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
jan@sjoberglaw.com

James A. Currier, Esq.
currlaw@myexcel.com

/s/ Steven E. Snow

966331_1/4150-24