**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **THE PROBATE COURT OF THE CITY OF WARWICK, by and through JUDITH A. LAWTON, JUDITH GRANT, CAROL LINCOLN, JANICE LEFFINGWELL, JOYCE HENDRICKS, JOHN KIEPLER, as Co-Executor of the Estate of Beverly Kiepler, JANIS FISHER, DAVID GILMORE and RAYMOND P. CYR, JR.,** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 07-239S** |
| **BANK OF AMERICA, N.A. as Co-Co-Executors of the Estate of Magda Burt,** | : | |
| **Defendant** | : | |

**PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT**

Now come the Plaintiffs in the above captioned matter and hereby submit the following Pretrial Conference Statement.

This case stems from the administration of the Probate Estate of Magda Burt ("Decedent"), who died testate on August 30, 1987. The Plaintiffs Judith Lawton, Judith Grant, Carol Lincoln, Janice Leffingwell, Joyce Hendricks, John Kiepler (as Co-Executor of the Estate of Beverly Kiepler), Janis Fisher, David Gilmore and Raymond P. Cyr Jr. are beneficiaries of the Decedent's Estate ("Plaintiffs"/"Beneficiaries"). Rhode Island Hospital Trust National Bank ("RIHT") and Robert B. Gates, Esquire ("Gates"), were appointed as Executors of Decedent's Estate by the Warwick Probate Court on October 8, 1987. The defendant, Bank of America, N.A. ("BOA") is the

successor in interest to RIHT.[1] In or about April 2004, BOA became, and continues to act as, an Executor of the Decedent's Estate.

At the time of her death, Magda Burt owned 2,256 shares of Class A non-voting common stock ("Stock") of Nyman Manufacturing Company ("Nyman"), a Rhode Island closely-held corporation. The Nyman Stock was an asset of Decedent's Estate to be administered according to Rhode Island law and the terms of Decedent's Will. At all relevant times herein, BOA owed, and continues to owe, a fiduciary duty to the Plaintiffs to properly administer Decedent's Estate. According to the only formal valuation of the Nyman Stock performed for Decedent's Estate, the fair market value was $383.04 per share or $864,138.24 as of August 31, 1987.

On August 4, 1995, the President of Nyman submitted a formal offer to redeem the Nyman Stock held by Decedent's Estate for $327,932.00 or $145.36 per share. This offer required unanimous approval of the Beneficiaries. BOA failed to properly evaluate Nyman's offer to purchase the Stock for $145.00 per share, which was far less than the fair market value. The Plaintiffs allege that BOA also failed to conduct a formal evaluation of the shares after 1987. Additionally, BOA failed to provide the Plaintiffs with sufficient information that would enable them to make an informed decision to keep or sell the shares.

When the Beneficiaries failed to give unanimous approval for the sale of the Nyman Stock, the Executors filed a motion in Warwick Probate Court to directly distribute the Stock "in kind" to the Beneficiaries. At the hearing on this motion, BOA permitted counsel for Nyman to present an argument to the Warwick Probate Court in favor of the sale at $145.36 per share, without opposition,

---

1 In or about 1997, RIHTNB was acquired by BankBoston Corp. On or about October 1, 1999, BankBoston Corp. merged with Fleet Financial Group of Massachusetts creating Fleet National Bank and a new parent organization, FleetBoston Financial Corp. In or about April, 2004 FleetBoston Financial Corp. merged into Bank of America, N.A. Bank of America, N.A., and its predecessors in interest are collectively referred to as "BOA" herein.

and then failed to appeal the Court's decision authorizing the sale. The Plaintiffs thereby sustained substantial damages because Nyman was later sold in September 1997 and shareholders received over $1,800.00 per share in that sale. Additionally that share price had an improperly diluted value based upon improper purchases of treasury shares by Nyman's three principals in June 1996. Had the shares not been sold to Nyman in November 1995, BOA or the plaintiffs as Nyman shareholders would have had dilution claims against the Nyman principals.

This action also involves BOA's persistent failure and refusal to resign as an Executor even though the Beneficiaries desire such removal. BOA's opposition to its removal has resulted in substantial cost and expense to the Estate of Magda Burt, as well as unnecessary delay.

The Plaintiffs brought this civil action against BOA in its capacity as an Executor of Decedent's Estate on its bond and under the authority of the Warwick Probate Court pursuant to a Consent Order entered April 6, 2006. Rhode Island substantive law applies in this case. *Hall v. Eklof Marine Corp.*, 339 F.Supp.2d 369, 374 (D.R.I. 2004)(citations omitted). Under Rhode Island law, BOA owed certain fiduciary duties to the Plaintiffs as beneficiaries of the Estate of Magda Burt. *Rosetta v. Moretti*, 2005 WL 1109638, *citing*, *Francis v. Buttonwood Realty Co.*, 765 A.2d 437, 442 (R.I. 2001); *Bierne v. Barone*, 529 A.2d 154, 158 (R.I. 1987). Under R.I. GEN. LAWS §§ 33-17-1 *et seq*., BOA had a duty to "faithfully perform [its] duties according to law as such fiduciary" from the time of inventory until the close of the estate – which has yet to occur – all the while administering the estate "according to law and the will of the testator." R.I. GEN. LAWS § 33-17-1 and § 33-17-2.

The conditions of an executor's bond are broadly enumerated in R.I. GEN. LAWS §§ 33-17-1 *et seq.* and encompass the entire scope of administration from inventory (where the fiduciary charges

itself with probate assets appraised as of the decedent's date of death[2]) to account (where the fiduciary accounts to the probate court and beneficiaries for its performance and obtains an order of distribution to the beneficiaries[3]). It is not the mere filing of these essential documents that satisfies the fiduciary's obligations, rather it is the substance of these documents that dictates whether the fiduciary has faithfully executed its trust or not.

Rhode Island probate statutes generally refer to an executor's position as a "trust," to its duty as "faithful performance," and to the breach of that duty as "neglect." Faithful performance of an executor's trust is conversely defined by its breach or "unfaithful administration." R.I. GEN. LAWS § 33-17-17. It provides:

> **Decree of unfaithful administration**. If any executor or administrator shall **neglect or refuse** to raise money out of the estate by collecting debts due or by selling the personal estate, or the real estate, if need be, and has power, or can obtain leave, to sell the same, or shall **neglect or refuse** to pay over what he or she has in his or her hands to the several creditors of the testator or intestate whose claims have been filed and allowed or proved according to law, or **shall otherwise fail to perform his or her duties as executor** or administrator, and, after citation before the probate court, shall fail to show reasonable cause therefor, the court may decree that he or she is guilty of unfaithful administration; and **thereupon an action may be brought upon the bond** of the executor or administrator by any creditor who may have been damnified thereby. (emphasis added).

---

[2]R.I. Gen. Laws § 33-9-1. **Return of inventory of estate**. Every administrator and every executor, shall, within ninety (90) days after his or her appointment or such longer period as may be allowed by the probate court, return to the probate court, under oath, a true inventory of all the personal property, both tangible and intangible, and of all claims, rights, causes of actions and other assets, other than real property, of the deceased, with an appraisement thereof as of the date of the decedent's death.

[3]R.I. Gen. Laws § 33-14-1. **Times when accounts required**. Every executor and administrator ... shall make out and return to the probate court, upon completion of the period of administration . . . an account relative to the estate in his or her hands, with a statement of the liquidated balance that may be due to or from him or her.

Likewise, the grounds for an executor's removal are set forth in R.I. GEN. LAWS § 33-18-2, which provides:

> **General grounds for removal of fiduciary**. Whenever an executor, administrator, or guardian **shall for any cause become incapable of executing his or her trust**, or **shall neglect or refuse to do the duties of the trust**, or **shall waste the estate** of his or her ward or that on which he or she administers, the probate court, upon petition, and after hearing, may remove the executor, administrator or guardian from office and appoint an administrator or guardian in place of the person so removed, and take such other action as occasion may require. (emphasis added).

It is clear that an executor's breach of its trust by refusal or neglect is actionable on its bond. In the instant case, BOA breached its duty of trust. These breaches include, but are not limited to, the following:

- Failing to carry out their sworn bonded duties by failing to obtain an independent appraisal of the Nyman Stock contemporaneous with the 1995 tender offer and failing to negotiate the sale price, ultimately leading to the sale of the Nyman Stock for less than its fair market value.
- Failing to investigate the status of Nyman, a closely held corporation, over the eight year period after Decedent's death consistent with their duty of prudent investment.
- Permitting the principals of Nyman to acquire the Nyman Stock at substantially below its fair market value thus permitting waste of Decedent's Estate.
- Failing to insist on an in kind distribution of the Nyman Stock to the Beneficiaries thus permitting each beneficiary to protect his or her own investment.
- Failing to appeal the probate court order of sale that was inconsistent with the wishes and interests of the Beneficiaries.
- Failing to give the Beneficiaries prior notice of a petition to sell, the probate court's order of sale, the right to appeal for de novo consideration and their intention not to claim an appeal on their behalf constituted a breach of their fiduciary duty.

In the instant case, the Plaintiffs will be required to prove that damages were incurred as a result of BOA's breaches.

Plaintiffs,
JUDITH A. LAWTON and DAVID GILMORE
By their Attorneys,

/s/ Karen A. Pelczarski
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903
Telephone: 401-831-8900
Facsimile: 401-751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

JOAN GRANT, CAROL LINCOLN,
JANICE LEFFINGWELL and
JOYCE HENDRICKS,
By their Attorneys,

/s/ Joseph A. Keough Jr.
Joseph A. Keough Jr. (#4195)
Keough & Sweeney, Ltd.
100 Armistice Boulevard
Pawtucket, RI 02860
Telephone: 401-724-3600
Facsimile: 401-724-9909
jkeoughjr@keoughsweeney.com

/s/ Russell Weddell
Russell R. Weddell (Pro Hac Vice)
63 Winthrop Street
Taunton, MA 02780
Telephone: 508-822-8400
Facsimile: 508-822-8442
RRW@TeixeiraWeddell.com

JOHN KIEPLER Co-Executor u/w/o Beverly Kiepler and JANIS FISHER,
By their Attorneys,

/s/ Mark A. Sjoberg
Mark A. Sjoberg (#2427)
Jennifer A. Niedzinski (#6824)
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, Rhode Island 02886
Telephone: 401-737-9696
Facsimile: 401-737-9119
mas@sjoberglaw.com,
JAN@sjoberglaw.com

RAYMOND P. CYR JR.,
By his Attorneys,

/s/ Richard Tallo
Richard Tallo (#0504)
P.O. Drawer 9007
Providence, Rhode Island 02940
Telephone: 401-726-1010
Facsimile: 401-726-3406
richard@pearlmanlawoffices.com

/s/ James A. Currier
James A. Currier (#0953)
1345 Westminster Street
Providence, Rhode Island 02903
Telephone: 401-861-2200
Facsimile: 401-421-2450
currlaw@myexcel.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' PRETRIAL CONFERENCE STATEMENT was filed with the Clerk of the United States District Court for the District of Rhode Island this 26th day of March, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Karen A. Pelczarski, Esq./Blish & Cavanagh, LLP
Staci L. Kolb, Esq./Blish & Cavanagh, LLP
Mark A. Sjoberg, Esq./Sjoberg & Votta Law Offices
Jennifer A. Niedzinski, Esq./Sjoberg & Votta Law Offices
Richard Tallo, Esq.
James A. Currier, Esq.
Russell R. Weddell, Esq.
Steven E. Snow